Present:  All the Justices

LINDA FLANARY

v.  Record No. 010220        OPINION BY JUSTICE ELIZABETH B. LACY
                                      January 11, 2002
DOSS JACKSON MILTON, JR.


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Donald A. McGlothlin, Jr., Judge

In this appeal, we determine whether an oral property settlement agreement between spouses made during a deposition taken in furtherance of an action for divorce is valid.

Linda and Ross E. Flanary married on February 5, 1982 and separated on July 7, 1995.  Mrs. Flanary filed for divorce on the grounds of desertion and/or cruelty and Mr. Flanary filed a cross-bill seeking a divorce based upon desertion.  On April 17, 1997, during Mrs. Flanary's deposition taken in conjunction with the divorce proceedings, an oral agreement between the parties was recited into the record by the parties' attorneys.  The agreement provided that Mrs. Flanary, in exchange for a lump sum payment of $45,000, would release "any interest in any assets [] in [Mr. Flanary's] possession and/or name and in further release of any interest or any rights she has to any additional or future spousal support."  Mrs. Flanary agreed to this arrangement and agreed that it would serve as "a full and final settlement of all rights accrued by virtue of this marriage."

Mr. Flanary died the day after the deposition.  The divorce proceeding was subsequently dismissed.

Mrs. Flanary filed a petition of surviving spouse, pursuant to Code § 64.1-151.1, for determination of the appropriate family allowance, exempt property, and an elective share of the augmented estate.  Mr. Doss Jackson Milton, Jr., as executor of Mr. Flanary's estate (the Executor), filed a responsive pleading asserting that Mrs. Flanary was estopped from pursuing these claims because she contracted away all her marital interests in Mr. Flanary's estate in the oral agreement made during her deposition.  Following briefing and oral argument of counsel, the trial court concluded that the oral agreement was valid and effectively released "not only any marital rights [Mrs. Flanary] may have had as to equitable distribution, spousal support or property, but also any inchoate right to inherit from or otherwise participate in the distribution of the estate of Mr. Flanary."  The trial court entered a final decree dismissing Mrs. Flanary's petition.  We awarded Mrs. Flanary an appeal.

The dispositive issue in this appeal is whether the oral agreement made in conjunction with the divorce proceeding is valid.  The General Assembly has identified agreements between spouses involving rights and obligations arising from the marital relationship as a unique category of agreements subject to specific requirements.  Code § 20-155 provides that:

2

> Married persons may enter into agreements with each other for the purpose of settling the rights and obligations of either or both of them, to the same extent, with the same effect, and subject to the same conditions, as provided in §§ 20-147 through 20-154 for agreements between prospective spouses, except that such marital agreements shall become effective immediately upon their execution.  However, a reconciliation of the parties after the signing of a separation or property settlement agreement shall abrogate such agreement unless otherwise expressly set forth in the agreement.

Code § 20-150 identifies the various subjects that such agreements may properly address, including the parties' rights regarding spousal support and disposition of property upon separation or divorce.  The agreement at issue purported to settle, among other things, spousal support and property rights. However, the agreement was not in writing, nor was it signed by the parties as required by Code § 20-149.

The Executor, relying on Richardson v. Richardson, 10 Va. App. 391, 392 S.E.2d 688 (1990), asserts that Code § 20-155 does not apply to the agreement at issue.  The Court of Appeals in Richardson held that "compromises and settlement agreements to pending litigation which incidentally include issues of property and spousal support" are not within the purview of Code § 20-155 and, thus, do not need to comply with the requirement that such agreements be in writing.  Id. at 398, 392 S.E.2d at 691.  We disagree.

Statutes must be read according to their plain meaning, giving effect to the language that the legislature chose to use. Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985); Bott v. Hampton Roads San. Dist. Com., 190 Va. 775, 783, 58 S.E.2d 306, 309 (1950).  Code § 20-155 by its terms applies to agreements between spouses affecting the "rights and obligations" arising from the marital relationship.  While agreements made in contemplation of settling litigation can be enforced even though not reduced to writing, see, e.g., Snyder-Falkinham v. Stockburger, 249 Va. 376, 457 S.E.2d 36 (1995), nothing in the language of Code § 20-155 exempts from its application a property or spousal support agreement made in contemplation of resolving a pending divorce action.  Nor can such an exemption be read into the statute.  Courts are not allowed to write new words into a statute plain on its face. Porter v. Virginia Electric & Power Co., 183 Va. 108, 113, 31 S.E.2d 337, 339 (1944).

Additionally, collateral statutes within the Premarital Agreement Act clearly contemplate marital agreements entered into for the purpose of resolving a pending divorce action.  The language of Code § 20-150(3) specifically includes agreements made regarding the disposition of property upon "marital dissolution" within its provisions.  Furthermore, the 1998 amendment to Code § 20-155 anticipates agreements made during

4

proceedings for dissolution of a marriage, by providing that a signed separation or property settlement agreement is abrogated if the parties reconcile unless otherwise specifically provided in the agreement.  For these reasons, we reject the Executor's arguments and the rationale and holding of Richardson upon which he relies.

We hold that Mrs. Flanary's oral agreement made in conjunction with the divorce proceedings was subject to the provisions of Code § 20-155.  The agreement was not in writing and not signed by the parties, as required by statute. Therefore, the trial court erred in finding the agreement to be valid and in dismissing Mrs. Flanary's petition as surviving spouse for determination of family allowance, exempt property, and an elective share of Mr. Flanary's augmented estate. Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

Reversed and remanded.