## CIRCUIT COURT OF FAIRFAX COUNTY

Tracy H. Rearden

v.

Kevin J. Rearden

August 2, 2002

Case No. (Chancery) 174049

BY JUDGE HENRY E. HUDSON

This case is before the Court on the Complainant's Motion to Determine the Validity of a Property Settlement Agreement. The Court heard evidence and argument of counsel on July 25, 2002. The matter was then taken under advisement to afford counsel an opportunity to submit authorities to support their respective positions.

Following unsuccessful post-separation mediation, the parties engaged counsel and attempted to negotiate an acceptable distribution of their marital assets. On August 29, 2001, the parties and their attorneys conducted a "four-way conference," which culminated in a handwritten document, signed by both parties. The document was in essence a list of key elements to be integrated into a property settlement agreement to be prepared by the Defendant's attorney. When the resulting agreement was conveyed to the Complainant, she declined to sign. She responded with four concerns pertaining to medical insurance, apportionment of college expenses, and allocation of tax exemptions. When asked on cross-examination whether she agreed with the first draft agreement, the Complainant testified that "you could say I didn't agree."

With respect to the handwritten document of August 29, 2001, the Court does not accept Complainant's contention that the handwritten outline constitutes a binding property settlement agreement. The outline is too devoid of specificity to constitute any more than a framework for a first proposed

draft agreement. In fact, counsel for the Defendant, in his correspondence addressing his client's concerns, referred to the first draft as a "proposed agreement." Even assuming arguendo that the August 29, 2001, document was contractually binding, the Complainant's ensuing correspondence addressing what she styled as concerns clearly constituted a counter-offer.

Following additional correspondence, a second rendition of the agreement was prepared by counsel for the Defendant, reflecting some modifications requested by the Complainant. The Defendant was afforded the opportunity to review the second version. Again, the Complainant declined to sign and insisted on modifications to the medical insurance provisions. The Defendant rejected those suggested changes. Defendant's counsel sent a letter to the Complainant informing her that any further suggested changes would be considered "mini-counteroffers." The letter advised the Complainant to sign and return the document within a specified number of days.

The Complainant eventually signed the second version of the document and returned it to the Defendant's counsel. However, the Defendant, who testified that he never took the time to read the second document, refused to sign. On closer inspection, the Defendant concluded that the document did not reflect the "50/50 split" of property he envisioned. The Defendant testified that the attorney who represented him during that stage of the case had apparently not understood him.

The Complainant contends that the second version of the agreement that she belatedly signed is an enforceable property settlement agreement. The Complainant relies on *Richardson v. Richardson*, 10 Va. App. 391, 398, 392 S.E.2d 688 (1990), to support her argument. In Richardson, the Court held that "compromises and settlement agreements to pending litigation which incidentally include issues of property and spousal support are not within the purview of Code § 20-155. . . ."

Section 20-155, Code of Virginia, 1950, as amended, dictates that any agreement between spouses affecting the rights and obligations arising from the marital relationship must conform with the formalities of Virginia Code § 20-149. Section 20-149 requires that any such agreement must be "in writing signed by both parties." This requirement clearly governs any agreement made in contemplation of resolving a pending divorce action. See *Flanary v. Milton*, 263 Va. 20, 23, 556 S.E.2d 767 (2002) (holding an oral property settlement agreement between spouses made during a suit for divorce was subject to the provisions of Code § 20-155).

The second version of the agreement in this case was not signed by both parties and is consequently not an enforceable property settlement agreement. The Complainant's motion to enforce the agreement is therefore denied.

## Order

This cause came on to be heard on Complainant's Motion to Enforce a Property Settlement Agreement. The Court, having considered the Motion, briefs, and all evidence presented on July 25, 2002, finds that the Agreement at issue is not an enforceable property settlement agreement, in that it does not conform to the requirements of Virginia Code § 20-155. It is therefore ordered that Complainant's Motion is denied.