## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Edward F. Whelan, III

v.

Annette M. Whelan

August 9, 2002

Case No. CH01-378

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question before the court is whether a property settlement agreement recorded during the commissioner's evidentiary hearing is valid and enforceable.

### Background

The pertinent facts of this divorce case are as follows. Mr. and Mrs. Whelan married in 1979. Five children were born of the marriage, three of whom are minors. The parties separated on June 1, 2000.

After discovery and some preliminary matters, the parties appeared before a commissioner in chancery for an evidentiary hearing on October 23, 2001.

Counsel for the parties informed the commissioner that the parties had agreed on the division of their property and allocation of their debts. The agreement was recited. A record was made of the recitation. Each was then asked whether the recitation constituted their agreement. Each party responded, "yes." The commissioner acknowledged the recitation and the parties' affirmation of it and then proceeded to hear evidence on the remaining issues: divorce, support, private school tuition, health insurance, and visitation. No further evidence was taken with regard to property division.

The commissioner filed a 24-page report. In it, he explained that the parties' agreement regarding their marital property had been transcribed, and he reported nothing further with respect to property issues. The report went on to address the disputed issues in the case.

Both parties filed exceptions to the report. Then, relying upon *Flanary v. Milton*, 263 Va. 20, 556 S.E.2d 767 (2002), Mr. Whelan disavowed the property settlement agreement recited to the commissioner on October 23, 2001, arguing that any such agreement is unenforceable. In essence, Mr. Whelan says that, according to *Flanary*, the agreement is invalid. It follows, he argues, that the case should be referred to another commissioner to take evidence and make a new report on all issues, including equitable distribution.

Arguments were heard on August 5, 2002, and the matter was taken under advisement.

### Decision

In *Richardson v. Richardson*, 10 Va. App. 391, 392 S.E.2d 688 (1990), the Court of Appeals held that an oral agreement that compromises all property issues in pending divorce litigation is valid and enforceable.

In *Flanary, supra*, the Supreme Court decided that an oral property settlement agreement made during divorce litigation is subject to the provisions of Virginia Code § 20-155 and, therefore, must be in writing and signed by the parties. Although the Court did not expressly overrule Richardson, it rejected both its rationale and holding. (Also see *Clock v. Clock*, Spotsylvania County Circuit Court, Case No. CH97-292, April 8, 2002.)

The facts in *Flanary* are different from those in this case. There, the parties' agreement was recited in depositions. Mr. Flanary died the next day. When Mrs. Flanary sought a determination of her elective share of Mr. Flanary's augmented estate, the executor responded by contending that the agreement in the divorce suit barred Mrs. Flanary's claim against the estate. The trial court agreed with the executor, but the Supreme Court reversed. The Supreme Court held that the agreement made by the Flanarys in connection with their divorce litigation was invalid because it was not in writing and signed, as required by § 20-155.

On the other hand, the facts in Richardson are quite similar to this case. In Richardson, the parties reached an agreement and recited it to the court. Later, when the decree was circulated for endorsements, Mrs. Richardson had

second thoughts and would not endorse the decree. The trial judge found a valid agreement. The Court of Appeals affirmed, stating that § 20-155 did not apply. As noted above, *Flanary* repudiates *Richardson*.

Because the terms of the agreement were recited to the commissioner and specifically acknowledged by the Whelans during the course of an evidentiary hearing, it is argued that the recitations are in the nature of judicial admissions and on that basis should be binding on the parties. See Friend, *The Law of Evidence in Virginia* (5th ed.) § 18-37 et seq. However, that is essentially what happened in *Richardson*.

The court is mindful that an unfortunate by-product of *Flanary* is the type of situation encountered here: parties to a divorce suit affirm on the record an agreement regarding one part of their case; a judicial tribunal — in this case, a commissioner — adjudicates or recommends an adjudication of the other issues, relying at least in part on the parties' agreement on the predicate issue; dissatisfied with the adjudication, one of the parties disavows the agreement, claiming that it is invalid under *Flanary*, thereby nullifying or at least severely impacting the adjudication of the other issues. The parties and the tribunal must then return to square one.

Despite this rather questionable result, the court is of the opinion it is dictated by *Flanary*, especially by the express rejection of the "rationale and holding" of *Richardson*.

Accordingly, the agreement reached by the parties and recited into the record on October 23, 2001, is invalid and unenforceable because it does not meet the requirements of § 20-155.

This issue, and the related issues of spousal support and child support, must be re-examined.

Mr. Whelan suggests that the property division issue, as well as the rest of the case, now should be referred to another commissioner since the first commissioner may be tainted by what he knows of the parties' earlier "agreement."

The court rejects this argument. The commissioner in this case is an experienced commissioner in chancery who can separate the things done at the first hearing from those to be done now. Therefore, the case will be referred back to the commissioner for an evidentiary hearing on equitable distribution and such other issues as may be appropriate under the circumstances.

Mrs. Whelan asks for an award of attorney's fees incurred by her as a consequence of the development in the case. That matter will be taken under advisement pending conclusion of the litigation.

Mr. Van Lear will please prepare and circulate an order reflecting this decision and referring the case back to the commissioner for further hearings and report.