COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Senior Judge Hodges
Argued at Richmond, Virginia


EDWARD D. WILSON

                                          MEMORANDUM OPINION* BY
v.      Record No. 1958-03-2             JUDGE WILLIAM H. HODGES
                                              JANUARY 13, 2004
DIANE WILSON


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
James F. D'Alton, Jr., Judge

Lawrence D. Diehl for appellant.

Adrienne George-Eliades (The Eliades Law Firm, P.L.L.C., on
brief), for appellee.


Edward D. Wilson (husband) appeals the final decree of divorce dated July 7, 2003,

granting Diane Wilson (wife) a divorce *a vinculo matrimonii*.  On appeal, husband contends

1) that the trial court erred in determining that a handwritten separation agreement dated

February 25, 1999 was valid and binding, and 2) that he should be awarded attorney's fees for

this appeal.  For the reasons that follow, we disagree and affirm the trial court's decision.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

The parties married on June 22, 1972 and separated in March 1995.  On July 18, 1995,

the juvenile and domestic relations district court entered an order awarding wife spousal support

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in the amount of $1,085 per month, an amount which constituted the entire monthly proceeds of husband's military retirement. The court also ordered husband to maintain any and all marital debt, including car insurance, personal property taxes, and any other debt associated with the maintenance and utilities of the marital home.

On February 25, 1999, husband arrived at the marital home where wife continued to reside. Wife and Tamara McDole were present when husband came to the house to retrieve some personal belongings. Shortly after his arrival, wife presented husband with a handwritten document. Wife "let [husband] look at it [and] said do you agree to this so we can settle this once and for all without going through any legal garbage." Husband reviewed the one-page document for five to ten minutes and then signed it. The document states:

> I Edward D. Wilson agree to relinquish to Diane Wilson my entire military retirement check to include all cost of living increases. I also agree to keep up to date all military benefits such as ID card and SBP (Survivor Benefit Plan) to which she is entitled to, and of which I will be responsible for any premiums that may incur for the SBP
>
> I furthermore agree to transfer the Deed to our home which we once shared jointly at 1200 Lemonwood Drive Hopewell Va 23860 and put it solely in her name to include all contents for which I waive and relinquish all rights to the property.

Wife testified she offered to give husband a copy of the document but that husband declined the offer. At a later date, outside the presence of husband, wife also signed the document.

On December 13, 2001, husband filed a bill of complaint seeking a divorce from wife and for a determination of equitable distribution. Wife responded with a cross-bill alleging desertion by husband and arguing the parties had reached an agreement as to the disposition of their marital property and wife's support.

A commissioner in chancery found the agreement was a valid, enforceable contract. The trial court heard husband's exception to the commissioner's report and upheld the

commissioner's findings, ruling that the agreement had not been procured by duress and that it was not unconscionable.  The court incorporated the agreement in its final decree of divorce.

ANALYSIS

I.

It is well established that "marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law."  Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980).  Such "agreements are contracts subject to the same rules of formation, validity, and interpretation as other contracts."  Bergman v. Bergman, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1997) (citing Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986)).  "Such agreement[s] shall be enforceable without consideration . . . ."  Code § 20-149.  See also Code § 20-155.

Execution of Agreement

Husband argues the document was not properly or timely signed as required by Flanary v. Milton, 263 Va. 20, 556 S.E.2d 767 (2002), and Code § 20-155.  He contends the agreement was invalid because wife signed it only after husband filed his bill of complaint.

Flanary held only that Code § 20-155 requires settlement agreements to be "in writing and . . . signed by the parties."  Flanary, 263 Va. at 24, 556 S.E.2d at 768.  Appellant provides no support for his assertion that "[o]bviously, any implied pending offer based upon the signature of [husband] only on face of the agreement that could have been accepted by [wife], was directly or impliedly, revoked based upon the pleading filed by [husband] . . . ."  In fact, "Code § 20-155 anticipates agreements made during proceedings for dissolution of a marriage . . . ."  Id. at 23, 556 S.E.2d at 769.  There is no requirement that the execution of the agreement by wife be contemporaneous with that of husband.  The written agreement was lawfully signed and executed.

<u>Mutuality</u>

Husband asserts the document lacks mutuality of agreement.

> It is elementary that mutuality of assent — the meeting of the minds of the parties — is an essential element of all contracts, and, in order that this mutuality may exist, it is necessary that there be a proposal or offer on the part of one party and an acceptance on the part of the other.  Both the offer and acceptance may be by word, act or conduct which evince the intention of the parties to contract, and that their minds have met may be shown by direct evidence of an actual agreement, or by indirect evidence of facts from which an agreement may be implied.

<u>Green's Ex'ors v. Smith</u>, 146 Va. 442, 452, 131 S.E. 846, 848 (1926).  Furthermore "the law imputes to a person an intention corresponding to the reasonable meaning of his words and acts.  If his words and acts, judged by a reasonable standard, manifest an intention to agree, it is immaterial what may be the real but unexpressed state of his mind."  <u>Lucy v. Zehmer</u>, 196 Va. 493, 503, 84 S.E.2d 516, 522 (1954); <u>accord</u> <u>Marefield Meadows, Inc. v. Lorenz</u>, 245 Va. 255, 260, 427 S.E.2d 363, 365-66 (1993).  Whether there has been the requisite manifestation of mutual assent to a bargained exchange is a question of fact.  <u>Charbonnages De France v. Smith</u>, 597 F.2d 406, 415 (4th Cir. 1979).

Husband asserts he thought the agreement was temporary.  However, the document clearly states he agreed to "relinquish" his "entire military retirement check," "transfer the Deed to our home," and "relinquish all rights to the property."  The language used in the document plainly anticipates the permanence of the agreement.  Additionally, appellant was already bound by court order to pay to wife his military retirement check.  If he believed the agreement was temporary there would be no reason for him to have executed it as he was already under an obligation to make the payments.  The contract terms are unambiguous.

Husband performed his obligations under the agreement and also accepted its benefits, which included no longer paying debt associated with the maintenance and utilities of the marital

home.  Through his conduct, husband manifested an intent to be bound to the contract.  "In evaluating a party's intent . . . we must examine his outward expression rather than his secret, unexpressed intention."  Wells v. Weston, 229 Va. 72, 78, 326 S.E.2d 672, 676 (1985).  The commissioner did not err in finding that husband's actions constituted a meeting of the minds.  The trial court did not err by affirming the commissioner's finding.

Completeness

Husband asserts the "agreement is invalid as not being a full agreement relating to the parties [sic] rights and obligations."  He argues that because the agreement did not settle all of the issues existing between the parties, it cannot be enforced.

There is no requirement in Code § 20-155 (which governs marital agreements and upon which husband relies) that an agreement address all issues between the contracting parties.  See Code § 20-155.

Duress

Husband contends "the alleged agreement should be declared as void for duress . . . ."  "[T]o avoid the contract on these grounds, the one contesting the contract must prove the allegations by clear and convincing evidence."  Derby v. Derby, 8 Va. App. 19, 26, 378 S.E.2d 74, 77 (1989).  Husband has failed to demonstrate, and in fact does not even argue, that he was threatened or in any way coerced into signing the agreement.  He testified the atmosphere at the house on the day he signed the agreement was neither intimidating nor hostile.  McDole, a witness to the execution of the contract, verified that the demeanor of the parties was "cordial."  Nothing in the record supports husband's assertion that he signed the agreement under duress.

Unconscionability

Husband claims the contract should be declared void because it is unconscionable.

"[U]nconscionability is more concerned with the intrinsic fairness of the terms of the agreement in relation to all attendant circumstances, including the relationship and duties between the parties. A party may be free of fraud but guilty of overreaching or oppressive conduct in securing an agreement which is so patently unfair that courts of equity may refuse to enforce it." Derby, 8 Va. App. at 28, 378 S.E.2d at 78. However, "[c]ourts cannot relieve one of the consequences of a contract merely because it was unwise." Owens v. Owens, 196 Va. 966, 974, 86 S.E.2d 181, 186 (1955).

The terms of the agreement are not grossly inequitable. In fact, the terms are more beneficial to husband than those under which he had been performing pursuant to a court order for the previous four years. The commissioner noted that husband's relinquishment of his interest in the marital home and its contents "may certainly have been unwise," but it did not work an oppressive result. We agree. Husband has a gainful income from his post-military employment which has sustained him since the parties separated.

Husband also relies on numerous unpublished opinions in support of his position. "Unpublished memorandum opinions of this Court are not to be cited or relied upon as precedent except for the purpose of establishing *res judicata*, estoppel or the law of the case." Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987). Therefore, we will not consider those holdings in resolving this case.

Accordingly, we find the trial court did not err in affirming the commissioner's finding that the contract was valid and enforceable.

II.

Husband asks that he be awarded his attorney's fees and costs expended in this appeal.

Because husband's appeal is without merit, we deny his request for appellate attorney's fees.

See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Affirmed.