# CIRCUIT COURT OF HANOVER COUNTY

Charles Goodwin Jordan

v.

Elaine Richardson Jordan

July 2, 2010

Case No. CL09000213-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Plaintiff's Motion to Enforce Settlement Agreement. The Court heard argument on the motion on June 11, 2010, and took the matter under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, the evidence presented, and the law, the Court finds as follows.

The dispositive issue before the Court is whether the parties' purported settlement agreement is a valid and binding marital agreement under Va. Code § 20-155. Husband argues the alleged settlement agreement was invalid under Va. Code §§ 20-155 and 20-149 because it was not signed by the parties. Wife argues the agreement is valid and enforceable because the agreement was signed the parties' attorneys. The appellate courts of the Commonwealth of Virginia have not specifically addressed the issue of whether an attorney may bind his client to the terms of a property settlement agreement by signing in his stead, and, thus, this is a case of first impression.

The Virginia Supreme Court has noted that "[t]he General Assembly has identified agreements between spouses involving rights and obligations arising from the marital relationship as a unique category of agreements subject to specific requirements." *Flanary v. Milton*, 263 Va. 20, 22, 556 S.E.2d 767, 768 (2002). Va. Code § 20-155 provides:

> Married persons may enter into agreements with each other for the purpose of settling the rights and obligations of either or both of them, to the same extent, with the same effect, and subject to the same conditions, as provided in §§ 20-147 through 20-154 for agreements between prospective spouses, except that such marital agreements shall become effective immediately upon their execution. If the terms of such agreement are (i) contained in a court order endorsed by counsel or the parties or (ii) recorded and transcribed by a court reporter and affirmed by the parties on the record personally, the agreement is not required to be in writing and is considered to be executed. A reconciliation of the parties after the signing of a separation or property settlement agreement shall abrogate such agreement unless otherwise expressly set forth in the agreement.

Va. Code § 20-150 provides that parties may enter into such agreements with respect to "the disposition of property upon separation [or] marital dissolution." Va. Code § 20-149 requires that such agreements "be in writing and signed by both parties."

As noted above, Va. Code § 20-155 provides that a marital agreement that is not in writing and not signed by the parties is valid and binding if "the terms of such agreement are (i) contained in a court order endorsed by counsel or the parties or (ii) recorded and transcribed by a court reporter and affirmed by the parties on the record personally." It is undisputed that no agreement was read into the record and no mutually endorsed court order was presented. The parties' attorneys, however, did sign what both attorneys have referenced as a term sheet, which memorialized the attorneys' negotiations as to equitable distribution and spousal support. If the Court were to uphold the term sheet as a binding marital agreement, it would at a minimum partially settle the parties' property rights in connection with the divorce proceedings.

Adopting the Court of Appeals' analysis of Va. Code § 20-155 expressed in *Gaffney* and applying it to Va. Code § 20-149, the Court finds that the General Assembly, in enacting Va. Code § 20-149, chose to displace the common law principles of agency that would have ordinarily applied to a disclosed principal with apparent authority. *Gaffney v. Gaffney*, 45 Va. App. 655, 613 S.E.2d 471 (2005). "Where the legislature has used words of a plain and definite import, the courts cannot put upon them a construction which amounts to holding the legislature did not mean

what it has actually expressed." *Watkins v. Hall*, 161 Va. 924, 930, 172 S.E. 445, 447 (1934). Simply stated, if the legislature desired the endorsement of counsel to be sufficient to bind a party to the terms of a written marital or pre-marital agreement, they would have said so. Instead, the formalities of Va. Code § 20-149 required to bind a party to a premarital agreement were incorporated by § 20-155, setting forth the requirements of a marital agreement.

The language of § 20-149 is unambiguous, and this Court must apply the plain meaning of the words chosen by the General Assembly when interpreting the statute. *See Barr v. Town & Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). Accordingly, when the marital agreement sought to be enforced is a written document, it must be signed by both parties. Counsels' signatures are insufficient. As a consequence, the agreement before the Court, endorsed only by counsel, is invalid and unenforceable as a marital agreement because it does not conform to the requirements set forth by statute.

For the reasons articulated in this letter opinion, the Motion to Enforce Settlement Agreement is hereby denied. The Court finds that the parties never signed the purported settlement agreement, and, thus, the agreement is unenforceable.