COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, AtLee and Senior Judge Annunziata
Argued by teleconference


LESLIE EMMETT ANDERSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1148-19-4              JUDGE ROSEMARIE ANNUNZIATA
                                                             MAY 5, 2020

LEA CARDOSO ANDERSON


               FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                          Paul F. Sheridan, Judge Designate

          Bradley G. Pollack for appellant.

          Jeremy D. McCleary (McCleary Law Offices, PLC, on brief), for
          appellee.


        Leslie Emmett Anderson (husband) appeals a final decree of divorce.  Husband argues that

the circuit court erred by sustaining wife's objections to his proffered written statement of facts

(SOF) and issuing an alternative SOF.  He also contends that the circuit court erred by classifying

certain real property as the separate property of Lea Cardoso Anderson (wife), as opposed to marital

property subject to equitable distribution.  Lastly, husband asserts that the circuit court erred by

"failing to recognize the contractual agreement between the parties with regard to a significant sum

of money [w]ife acquired from [h]usband."  We find no error and affirm the decision of the circuit

court.

                                      BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Menninger v. Menninger, 64 Va. App. 616, 618 (2015) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

The parties married on August 28, 2003, and separated in March 2017. During the marriage, husband received a gift of inheritance, a portion of which he used to purchase real property in Herndon (the Herndon property). By deed of gift dated May 10, 2009, husband transferred to wife his interest in the Herndon property. After receiving his inheritance, husband wrote several checks to wife, which were deposited into her bank account. In 2010, husband and wife signed several handwritten documents titled "Reciept" [sic], which, according to husband, were agreements between him and wife regarding the purchase of real estate in Brazil.

The parties appeared before the circuit court on September 14, 2018, for a hearing on the grounds for divorce, equitable distribution, spousal support, and attorney's fees. The circuit court granted wife a divorce based on the parties living separate and apart for more than one year. The circuit court made the following findings:

- husband used a portion of his inheritance to purchase the Herndon property and he transmuted the remainder of his inheritance into marital property through payments he made to wife;

- the Herndon property was wife's separate property and wife did not own any other real property in the United States or Brazil;

- the handwritten documents labeled "Reciept" [sic] were "merely an attempt at an agreement," but not an actual agreement between the parties;

- the real property in Fort Valley was husband's separate property and husband did not own any other real property in the United States or Brazil;

- there was no joint debt and that each party was responsible for any debt in his or her name;

- 2 -

- each party was awarded a vehicle and the parties' other personal property had been previously divided; and

- neither party was awarded spousal support or attorney's fees.

The circuit court entered the final decree of divorce on June 14, 2019, and this appeal followed.

## ANALYSIS

### *Written statement of facts*

Husband argues that the circuit court erred by sustaining wife's objections to his proffered SOF and issuing an alternative SOF. Husband timely filed a SOF on August 8, 2019. Wife filed her objections two months later on October 8, 2019. On November 7, 2019, the circuit court sustained wife's objections and directed wife's counsel to prepare a corrected SOF. The circuit court subsequently entered the corrected SOF.

Husband contends that wife's objections were untimely, so the circuit court should not have considered them. He further asserts that the circuit court did not act timely in reviewing his SOF.

A party may object to the written statement "on the ground that it is erroneous or incomplete;" these objections "shall be filed with the clerk of the trial court . . . within 15 days after the date of the notice of filing the written statement . . . ." Rule 5A:8(d). Within ten days of the filing of the objections, "the judge shall: (1) overrule the objection; or (2) make any corrections that the trial judge deems necessary; or (3) include any accurate additions to make the record complete; or (4) certify the manner in which the record is incomplete; and (5) sign the transcript or written statement." Id.

We do not consider husband's argument because he failed to object in the circuit court to the timing of wife's objections or the circuit court's ruling sustaining the objections. "No ruling

of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "In order to preserve an issue for a ruling by this Court, the specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." Shenk v. Shenk, 39 Va. App. 161, 169 (2002). "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." Perry v. Commonwealth, 58 Va. App. 655, 666 (2011). "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" Friedman v. Smith, 68 Va. App. 529, 544 (2018) (quoting Andrews v. Commonwealth, 37 Va. App. 479, 493 (2002)). Husband, therefore, waived his objections by not raising them with the circuit court.

In addition, husband argues that the written statement of facts erroneously states that "Husband presented no evidence that Wife currently owns any . . . property in . . . Brazil." He emphasizes that he proffered "various handwritten 'receipts'" to prove that he gave money to wife to buy real property in Brazil. Again, husband did not raise this objection with the circuit court. Rule 5A:18. Accordingly, we find that the circuit court did not err by entering the SOF.

*Classification of the Herndon property*

Husband argues that the circuit court erred in classifying the Herndon property as wife's separate property. Husband acknowledges that he conveyed the Herndon property to wife by a deed of gift and that the circuit court had "no authority to order it transferred." He contends, however, that despite the deed of gift, he retained an interest in the Herndon property because the "plain and unambiguous text" of Code § 20-107.3(A)(1)(ii) defines separate property as "all property acquired during the marriage by . . . gift from a source *other than* the other party."

- 4 -

(Emphasis added.) He asserts that wife did not acquire the Herndon property "from a source other than the other party" and that it was, therefore, not her separate property. Husband further argues that because his inheritance was used to purchase the property, he should "get most (if not all) of the value of the Herndon property as a monetary award in equitable distribution."

Husband did not object to the circuit court's classification ruling and argued simply that the circuit court should have awarded him a judgment against wife for an amount approximating the value of his inheritance. Furthermore, husband never argued that the Herndon property was not wife's separate property under Code § 20-107.3(A)(1)(ii). Accordingly, we will not consider husband's statutory argument that the trial court erred in its classification of the Herndon property. Rule 5A:18.

*Handwritten documents*

Husband argues that the circuit court erred by "failing to recognize the contractual agreement between the parties with regard to a significant sum of money [w]ife acquired from [h]usband." Husband presented three handwritten documents titled "Reciept" [sic] and dated February 12, 2010.[1] Husband and wife signed the three documents. One of the documents stated that "Leslie E. Anderson has paid Lea C. Anderson 50,000 reales [sic] and 112,500 reales [sic] totaling 162,500 reales [sic] for land purchased in Goyas [sic] in Klebar & Lea's name and ownes [sic] 20 alcares (95 acres) to be put in his name later." The second document stated that "Leslie E. Anderson has paid Lea C. Anderson $43,500 reales [sic] for a condo in Barra Mansa inhabited by Lea's daughter[s] Leteche and Leticia and Liez and ownes [sic] this condo." The third document stated that "Leslie E. Anderson has paid Lea C. Anderson $29,500 reales [sic]

---

[1] A fourth handwritten document was submitted into evidence, titled "Purchases." It was not signed by either party and is not presumed to represent a contract between the parties. Code § 20-149.

plus $23,00 reales [sic] totaling the sum 52,500 plus 7,500 reals totaling 60,000 reales [sic] for 2 lots to land Lot 13 & Lot 12 on rua 13 & rua 26 in Porto [R]eal and owns this land."

Husband relies on Code §§ 20-147 through -155 of the Premarital Agreement Act to support his arguments. He contends that he "offered to give [w]ife certain specified funds for [w]ife to use to purchase real estate in Brazil to which he would later be added to the legal title." He further asserts that wife "clearly accepted [h]usband's offer" by "signing the documents and accepting the funds, and as further evidenced by her subsequent purchase of real estate in Brazil." Husband concludes that "a valid contract existed" between the parties.

"The General Assembly has identified agreements between spouses involving rights and obligations arising from the marital relationship as a unique category of agreements subject to specific requirements." Gaffney v. Gaffney, 45 Va. App. 655, 666 (2005) (quoting Flanary v. Milton, 263 Va. 20, 22 (2002)). "A trial court is presumed to apply the law correctly." Shenk, 39 Va. App. at 169.

> Married persons may enter into agreements with each other for the purpose of settling the rights and obligations of either or both of them, to the same extent, with the same effect, and subject to the same conditions, as provided in §§ 20-147 through 20-154 for agreements between prospective spouses, except that such marital agreements shall become effective immediately upon their execution. If the terms of such agreement are (i) contained in a court order endorsed by counsel or the parties or (ii) recorded and transcribed by a court reporter and affirmed by the parties on the record personally, the agreement is not required to be in writing and is considered to be executed. A reconciliation of the parties after the signing of a separation or property settlement agreement shall abrogate such agreement unless otherwise expressly set forth in the agreement.

Code § 20-155. Parties may enter into such agreements to define their property rights, including the "right to buy, sell, use, transfer, exchange, abandon, lease, consume, expend, assign, create a security interest in, mortgage, encumber, dispose of, or otherwise manage and control property."

Code § 20-150.  A marital agreement shall be in writing and signed by both parties, except as provided in Code § 20-155.  Code § 20-149.

Marital agreements "are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally."  Jones v. Gates, 68 Va. App. 100, 105 (2017) (quoting Southerland v. Estate of Southerland, 249 Va. 584, 588 (1995)).  "The basic elements of a contract are an offer, acceptance, and consideration."  Sfreddo v. Sfreddo, 59 Va. App. 471, 488 (2012).  A marital agreement, however, "shall be enforceable without consideration."  Code § 20-149.

Here, the circuit court found that after husband received his inheritance, he wrote checks to wife, and the checks were deposited into her bank account.  Consequently, his inheritance was transmuted into marital property.  The circuit court further found that the handwritten documents, titled "Reciept" [sic] and introduced into evidence by husband, did not constitute an agreement between the parties, but merely constituted an attempt to establish an agreement that itemized what husband claimed were past transactions between the parties.  Although husband claimed that the documents represented past purchases of real property in Brazil, he did not present any evidence about either the purchases or ownership, such as a deed.  Contrary to husband's arguments, the documents do not reflect that husband offered to give wife money in exchange for her purchasing real property in Brazil and later adding him to the title, and there is nothing in the record that supports his contention.  Further, there is no indication that wife accepted such an offer, as she testified that she did not understand the documents that she was signing.[2]  Lastly, there is no evidence that real property was purchased in Brazil.  Accordingly,

---

[2] Wife testified, with an interpreter's assistance, that she did not understand the handwritten documents that she signed.  Wife was born in Brazil and spoke Brazilian Portuguese.  Her knowledge of English was "limited," and she could not "proficiently read English."

the circuit court did not err in finding that the handwritten documents did not represent a marital agreement between the parties and that neither husband nor wife owned any real property in Brazil.

*Attorney's fees and costs*

Both parties requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman, 68 Va. App. at 545. Since wife has prevailed in this appeal, we deny husband's request for attorney's fees and costs. Rogers v. Rogers, 51 Va. App. 261, 274 (2008). Having reviewed and considered the entire record in this case, we also deny wife's request for attorney's fees.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.