Present:  All the Justices

SAMUEL L. FARNSWORTH

v.  Record No. 042158                          PER CURIAM
                                               June 9, 2005
COMMONWEALTH OF VIRGINIA

        FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, we review a judgment of the Court of
Appeals of Virginia affirming a circuit court judgment
convicting Samuel L. Farnsworth of knowingly and
intentionally possessing a firearm after being convicted of
a felony in the Commonwealth or in any other state, in
violation of Code § 18.2-308.2.  Farnsworth v.
Commonwealth, 43 Va. App. 490, 599 S.E.2d 482 (2004).
Farnsworth had been previously convicted of a felony, armed
robbery, in West Virginia in 1979.  Upon completing his
sentence in 1985, he received a document from the West
Virginia Department of Corrections stating, "Any and all
civil rights heretofore forfeited are restored.  DONE this
the 18th day of April, 1985."  The issue on appeal is
whether Farnsworth's possession of a firearm in Virginia
violated Code § 18.2-308.2 even though the state of West
Virginia had restored his civil rights.

     The Court of Appeals held that Code § 18.2-308.2 is
"plain and unambiguous and clearly manifests the

legislature's intent to prohibit those who have been convicted of a felony under the law of, inter alia, any state in the United States, including West Virginia, from possessing a firearm in Virginia." Id. at 497, 599 S.E.2d at 486. The provisions of Code § 18.2-308.2 set forth two exemptions that allow a convicted felon to lawfully possess a firearm in Virginia. The first exemption applies to " 'any' felon who has had his 'political disabilities' removed by the Governor 'pursuant to Article V, Section 12 of the Virginia Constitution.' " Id. at 498, 599 S.E.2d at 486; Code § 18.2-308.2(B)(iii). The second exemption allows " 'any' felon whose 'civil rights have been restored by the Governor or other appropriate authority' " to petition the circuit court of the jurisdiction where the felon resides for a permit to possess a firearm. Farnsworth, 43 Va. App. at 498, 599 S.E.2d at 486; Code § 18.2-308.2(C). The Court of Appeals found that "Farnsworth did not obtain relief under either of these statutory exemptions." Farnsworth, 43 Va. App. at 498, 599 S.E.2d at 486.

For the reasons set forth in the opinion of the Court of Appeals, we will affirm that court's judgment.

Affirmed.