Edward J. SEGUNA, Plaintiff–Appellant,

v.

Terry MAKETA, Sheriff, and the El Paso County Sheriff's Office, Defendants–Appellees.

No. 07CA0840.

Colorado Court of Appeals, Div. II.

Feb. 21, 2008.

Radabaugh, Barker & Callison, Ltd., Richard D. Radabaugh, Mark Barker, Richard H. Callison, Colorado Springs, Colorado, for Plaintiff–Appellant.

Charles C. Greenlee, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Judge BERNARD.

Plaintiff, Edward J. Seguna, appeals the district court's order affirming the denial by the El Paso County Sheriff's Office of his application for renewal of a concealed handgun permit. We vacate the order, and remand this case to the district court with directions to enter an order requiring the Sheriff's Office to renew Seguna's permit.

## I. Background

In 1984, Seguna pled guilty in Michigan to a felony drug offense. In 1996, upon his motion pursuant to Michigan law, the Michigan court set aside his conviction. *See* Mich. Comp. Laws §§ 780.621 to .623 (2007). Seguna subsequently moved to Colorado and became a resident of this state.

In 2001, Seguna successfully applied to the El Paso County Sheriff's Office for a permit to carry a concealed handgun, *see* § 18–12–203(1)(c), C.R.S.2007, and the permit was renewed twice. However, in 2006, the Sheriff's Office denied the permit on the basis of the 1984 felony conviction in Michigan, which was located through a background check performed during the renewal process. *See* §§ 18–12–108, 18–12–203(1)(c), (3)(a), 18–12–206(1)(b), 18–12–211(1), C.R.S.2007.

The district court reviewed and affirmed the denial of the permit by the Sheriff's Office. *See* § 18–12–207(3), C.R.S.2007; C.R.C.P. 106. The district court found that Colorado does not have statutory provisions that are parallel to Michigan's laws allowing validly obtained convictions to be set aside;

that the Full Faith and Credit Clause of the United States Constitution does not apply to expungement orders; that recognition of the Michigan set-aside order would violate Colorado's public policy against allowing persons with felony convictions to possess firearms; and that the Sheriff's Office had shown, by a preponderance of the evidence, that Seguna was ineligible to possess a handgun under section 18–12–108, *see* section 18–12–207(3), and could not be issued a permit for a concealed weapon under section 18–12–203(1)(c).

## II. Choice of Law

To resolve this appeal, we look to Colorado law to instruct us on how we should evaluate the effect of the set-aside Michigan conviction on Seguna's eligibility to obtain a concealed handgun permit. *See People v. Pellien*, 701 P.2d 1244, 1245 (Colo.App.1985); *see also People v. Laino*, 32 Cal.4th 878, 895–98, 11 Cal.Rptr.3d 723, 87 P.3d 27, 37–40 (2004); *People v. Shear*, 71 Cal.App.4th 278, 288, 83 Cal.Rptr.2d 707, 713–14 (1999); *State v. Langlands*, 276 Ga. 721, 723–24, 583 S.E.2d 18, 21–22 (2003); *State v. Edmondson*, 112 N.M. 654, 657, 818 P.2d 855, 858 (N.M.Ct.App.1991); *State v. Menard*, 888 A.2d 57, 62–64 (R.I.2005). Other states look to their own law to determine whether a conviction from a sister state affects the ability of a person to possess a firearm. *See Langlands*, 276 Ga. at 724, 583 S.E.2d at 21; *Menard*, 888 A.2d at 62–63; *Farnsworth v. Commonwealth*, 43 Va.App. 490, 497–500, 599 S.E.2d 482, 485–87 (2004), *aff'd*, 270 Va. 1, 613 S.E.2d 459 (2005); *cf. Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 111–15, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), *superseded by statute*, 18 U.S.C. § 921(a)(20), *as recognized by United States v. Sherbondy*, 865 F.2d 996, 1004–05 (9th Cir.1988).

### A. Colorado Statutes

1. Permits to Carry Concealed Weapons

A sheriff shall issue concealed handgun permits to applicants who satisfy the criteria contained in section 18–12–203(1), unless the sheriff has reasonable beliefs about an applicant's prior documented behavior as described in section 18–12–203(2). One of the criteria an applicant must satisfy is that he

or she cannot be "ineligible to possess a firearm pursuant to section 18–12–108 or federal law." § 18–12–203(1)(c).

A sheriff is required to "deny, revoke, or refuse to renew a permit if an applicant or a permittee" is ineligible to possess a firearm under section 18–12–108. § 18–12–203(3)(a). In a judicial proceeding reviewing a sheriff's decision to deny a permit or to refuse to renew one, the sheriff bears the burden of proving, by a preponderance of the evidence, that the applicant or permittee is ineligible to possess a permit under § 18–12–203(1). § 18–12–207(3).

### 2. Possession of a Weapon by a Previous Offender

Section 18–12–108(1), C.R.S.2007, states:

A person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses, uses, or carries upon his or her person a firearm ... subsequent to the person's conviction for a felony ... under Colorado or any other state's law or under federal law.

Depending on the circumstances surrounding the present and previous offenses, possession is punishable as a class four, five or six felony. § 18–12–108(2), (4), (5), C.R.S.2007.

### B. Analysis of Colorado Statutes

When interpreting a statute, we look first to its language, giving words and phrases their plain meaning. We read a statute as a whole, interpreting it so as to give all its parts consistent and sensible effect, avoiding absurd constructions. If the statute is unambiguous, we need look no further. *Board of County Comm'rs v. Costilla County Conservancy Dist.*, 88 P.3d 1188, 1192–93 (Colo.2004).

The language of section 18–12–108(1) is plain and unambiguous. It states, as is relevant here, that a person commits a crime if he or she knowingly possesses a firearm subsequent to a conviction for a felony "under ... any other state's law." Thus, Colorado's legislature has made clear that, for the purposes of this statute, we look to the "other state's law" to determine whether a person has been convicted of a felony.

This conclusion is supported by our supreme court's decision in *People v. Tenorio*, 197 Colo. 137, 141–42, 590 P.2d 952, 954–55 (1979), which rejected the argument that the legislature had unconstitutionally delegated its power to define crimes to other states:

[O]ur General Assembly ... has declared that certain forms of dangerous criminal conduct ... can serve as the "previous offense" foundation upon which [a prosecution under section 18–12–108 can be based].... [T]his is true regardless of where the prior crime occurred or *whether it was there defined exactly as its counterpart crime in Colorado.*

*This method of defining prior crimes in other jurisdictions* which are serious enough to render one a "previous offender" falls short of incorporating by reference the statutes of other jurisdictions. The language here merely describes and identifies past conduct rather than incorporating statutes by reference.

(Emphasis added.)

The defendant in *Tenorio* argued that section 18–12–108(1) denied him equal protection of the laws because the felony for which he was convicted in California would not have been a felony in Colorado. The supreme court was not persuaded:

We hold that section 18–12–108 does not deny the defendant equal protection, even though it may permit using a prior burglary conviction in another jurisdiction as the "previous offense" *when the same conduct might not have resulted in a burglary conviction if committed in Colorado.* The General Assembly has simply defined a class of persons whose rights to carry weapons in Colorado are curtailed. That class consists of all persons who, *by being convicted of designated serious crimes in other jurisdictions,* have indicated that they may be dangerous to others when carrying weapons.

*Id.* at 142–43, 590 P.2d at 956 (emphasis added).

Thus, *Tenorio* requires that, when construing section 18–12–108(1), we look to the law of the state where a person was convicted to determine whether he or she has been con-

victed of a felony. If the legislature had wished to require reference to Colorado law to determine whether a person had been so convicted, it could have made such intent clear. For example, some statutes allow Colorado courts to treat out-of-state misdemeanor convictions as felonies, for offenses "which, if committed in this state, would be" felonies. *See* § 16–4–101(1)(b)(III), C.R.S. 2007 (violent offenses for purposes of bail); § 18–1.3–801(1.5), (2), C.R.S.2007 (habitual offender).

Here, it is undisputed that the set-aside conviction was for a felony in Michigan. However, we must still determine, following section 18–12–108(1) and *Tenorio*, whether Seguna was convicted of that felony under Michigan law at the time the Sheriff denied his request to renew his concealed weapons permit. We conclude he was not convicted at such time.

### C.   Michigan Statutes

One of the disabilities flowing from a felony conviction in Michigan is that a person may not possess a firearm. However, this prohibition is removed, for most felonies, after three years, and, for specified felonies, after five years, if certain conditions are met. Mich. Comp. Laws § 750.224f (2007). This disability does not apply to convictions that have been "expunged or set aside." Mich. Comp. Laws § 750.224f(4).

"[A] person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside the conviction." Mich. Comp. Laws § 780.621(1). Such an order can only be requested at least five years following imposition of the sentence for the conviction, Mich. Comp. Laws § 780.621(3), and the setting aside of a conviction is "a privilege and conditional and is not a right," Mich. Comp. Laws § 780.621(9).

Upon the entry of an order setting aside a conviction, "the applicant, for purposes of the law, shall be considered not to have been previously convicted, except as provided." Mich. Comp. Laws § 780.622(1). Records of the set-aside conviction are kept as nonpublic records by the Michigan state police. Mich. Comp. Laws § 780.623(2). Disclosure of information about a set-aside conviction that is not authorized by section 780.623(2) is a misdemeanor. Mich. Comp. Laws § 780.623(5).

The existence of these exceptions led the Michigan Court of Appeals to conclude that the expungement of records under Mich. Comp. Laws section 780.621 "does not fully relieve an individual of the legal disabilities flowing from the conviction." *People v. Van Heck,* 252 Mich.App. 207, 215, 651 N.W.2d 174, 178 (2002). The court of appeals contrasted the existence of these "continuing legal disabilities" with the effect of a gubernatorial pardon, which "blots out of existence [a defendant's] guilt, so that under the law [he or she] is considered to have never committed the pardoned offenses." *Id.* at 216, 651 N.W.2d at 179.

These "continuing legal disabilities" include showing that a person asking to set aside a second and subsequent conviction previously had a conviction set aside, Mich. Comp. Laws § 780.623(2)(b); allowing a court to consider the conviction when imposing sentence for a subsequent conviction for a felony carrying at least one year's imprisonment, Mich. Comp. Laws § 780.623(2)(c); permitting the governor to consider the conviction when deciding whether to issue a pardon for another offense, Mich. Comp. Laws § 780.623(2)(d); authorizing courts and law enforcement officers to consider the conviction when determining whether a defendant has to register as a sex offender, Mich. Comp. Laws § 780.623(2)(f); and giving leave to licensing boards to consider convictions for designated weapons offenses when deciding whether to issue a concealed pistol license, Mich. Att'y Gen. Op. No. 7133 (May 2, 2003).

Thus, setting aside of a conviction in Michigan is not absolute. A person is still considered to have been previously convicted for some purposes. Mich. Comp. Laws § 780.623(2)(a)-(f).

However, in 2003, Michigan's attorney general issued an opinion concluding that, with one exception, a person who has had his or her conviction set aside under Mich. Comp. Laws section 780.621 is eligible to obtain a concealed pistol license. The exception al-

lows the licensing board to deny an applicant a concealed pistol license when the set-aside conviction is for an offense relating to the use, transportation, sale, purchase, carrying, shipping, receiving, or distributing of a firearm. Mich. Att'y Gen. Op. No. 7133 (May 2, 2003).

### D. Conclusion

Michigan's statutes establish a rule and several exceptions. The rule is that a person who has had a felony conviction set aside "shall be considered not to have been previously convicted." Mich. Comp. Laws § 780.622(1). The statutory exceptions do not include use of a set-aside felony conviction to deny a person a concealed pistol license. Michigan's attorney general has concluded there is only one situation that justifies denying a permit when a conviction has been set aside: where the prior conviction involved certain offenses involving weapons, then the licensing board may consider it.

Under Michigan law, Seguna is not to be considered convicted of the set-aside felony, unless he fits within a specified exception. Here, the set-aside conviction is for a drug offense, not for an offense involving weapons. Thus, none of the exceptions recognized by statute or in the Michigan attorney general's opinion applies.

We therefore conclude that, for purposes of section 18–12–108(1), Seguna was not convicted of a felony "under ... any other state's law." This conclusion leads directly to two more conclusions: (1) under section 18–12–207(3), the Sheriff's Office did not establish, by a preponderance of the evidence, that Seguna was ineligible to possess a firearm; and (2) the district court erred when it concluded that the Sheriff's Office properly declined to renew Seguna's concealed weapons permit under section 18–12–203(1)(c) because he had been convicted of a felony in Michigan.

Because we resolve Seguna's appeal in his favor based on our analysis of section 18–12–108(1), we do not reach his additional argument that the Michigan order setting aside

his conviction is entitled to full faith and credit under Article IV, Section 1 of the United States Constitution.

The district court's order is vacated. Because the set-aside Michigan conviction formed the only basis for denying Seguna's request to renew his concealed handgun permit, the case is remanded to the district court with directions to enter an order directing the Sheriff's Office to renew Seguna's permit.

Judge ROTHENBERG and Judge KAPELKE *, concur.