## CIRCUIT COURT OF FAIRFAX COUNTY

Hector Rodriguez

v.

Virginia Department
of State Police et al.

July 31, 2013

Case No. CL-2012-9534

By Judge Robert J. Smith

This matter comes before the Court on the Petition styled "Firearms Purchase Denial and Spiteful and Malicious Civil Service" filed by Petitioner Hector Rodriguez on June 25, 2012, and taken under advisement by the Court.

### Background

Between 1986 and 1992, Mr. Rodriguez was convicted of four felonies in the State of New York. After serving his sentence, Mr. Rodriguez requested that the New York State Department of Corrections grant him relief from disabilities imposed as a result of his convictions. On January 11, 2012, the New York State Department of Corrections issued Mr. Rodriguez a Certificate of Good Conduct (the "Certificate") pursuant to N.Y. Correct. § 703.

The Virginia Department of State Police (VSP) does not dispute that Mr. Rodriguez was issued said Certificate. Therefore, although the Certificate is not in the case file, the Court accepts its existence as true for purposes

of this Opinion. Footnote 3 on page 2 of the VSP's Motion to Dismiss provides that "[t]he certificate states: "The right to apply to own/possess handgun(s) is hereby restored."

In accordance with Virginia Code § 18.2-308.2(C), Mr. Rodriguez then filed a petition in this Court seeking restoration of his firearm rights. After this Court issued Mr. Rodriguez a Concealed Weapons Permit, he attempted to purchase a firearm from a dealer in the Commonwealth of Virginia. The Virginia Department of State Police denied the purchase application on May 12, 2012.

On the advice of the VSP, Mr. Rodriguez submitted an appeal to the Federal Bureau of Investigation National Instant Criminal Background Check System ("NICS"). On May 21, 2012, NICS responded via letter, claiming that, "[b]ased on the fact that the state of Virginia did not deny, but merely delayed your attempt to purchase or redeem a firearm, your request to appeal cannot be processed." Mr. Rodriguez claims he then contacted NICS via telephone and was informed that his purchase application was denied on May 25, 2012.

Mr. Rodriguez filed the Petition now before the Court on June 25, 2012. The VSP filed a Motion to Dismiss Mr. Rodriguez's Petition, arguing that the Court lacks jurisdiction because Mr. Rodriguez failed to timely bring his suit or, alternatively, that Mr. Rodriguez's right to possess a firearm has not been restored in the Commonwealth of Virginia.

## Issue Presented

The issue now before the Court is whether Mr. Rodriguez has satisfied the requirements for restoration of his firearm rights in the Commonwealth of Virginia.

## Standard of Review

Virginia Code § 18.2-308.2:2(E) provides:

> If any buyer or transferee is denied the right to purchase a firearm under this section, he may exercise his right of access to and review and correction of criminal history record information under § 9.1-132 or institute a civil action as provided in § 9.1-135, provided any such action is initiated within 30 days of such denial.

*Analysis*

## A. *Restoration of Rights*

Article V, Section 12, of the Constitution of Virginia states, "The Governor shall have power . . . to remove political disabilities consequent upon conviction for offenses committed prior or subsequent to the adoption of this Constitution. . . ."

Va. Code § 18.2-308.2(A) makes it a felony for any person who has previously been convicted of a felony to possess or transport a firearm. § 18.2-308.2(B), however, provides that the prohibitions of subsection (A): [s]hall not apply to . . . (iii) any person who has been pardoned or whose political disabilities have been removed pursuant to Article V, Section 12, of the Constitution of Virginia provided the Governor, in the document granting the pardon or removing the person's political disabilities, may expressly place conditions upon the reinstatement of the person's right to ship, transport, possess, or receive firearms.

Va. Code § 18.2-308.2(C) further provides:

> Any person prohibited from possessing, transporting, or carrying a firearm or stun weapon under subsection A, may petition the circuit court of the jurisdiction in which he resides for a permit to possess or carry a firearm or stun weapon; however, no person who has been convicted of a felony shall be qualified to petition for such a permit unless his civil rights have been restored by the Governor or other appropriate authority. . . . The court may, in its discretion and for good cause shown, grant such petition and issue a permit. The provisions of this section relating to firearms, ammunition for a firearm, and stun weapons shall not apply to any person who has been granted a permit pursuant to this subsection.

In the case of *Gallagher v. Commonwealth*, the Supreme Court of Virginia interpreted and clarified the interplay of Article V, Section 12, of the Constitution of Virginia and Va. Code § 18.2-308.2. In order to avoid tension or a violation of separation of powers, the Court "construe[d] the term 'power to . . . remove political disabilities,' contained in Article V, Section 12, not to include the power to restore firearm rights." *Gallagher v. Commonwealth*, 284 Va. 444, 732 S.E.2d 22, 2012 Va. LEXIS 165 at *9 (2012). The Court found instead that while the Governor is empowered to remove political disabilities, the jurisdiction to restore firearm rights lost as a result of a felony conviction is vested solely in the circuit courts. *Id.* at 452. This separation of restoration powers necessitated the two-step process laid out by the Court for convicted felons seeking restoration of

firearm rights in Virginia. First, a person convicted of a felony in Virginia must first obtain an order from the Governor removing political disabilities imposed as a consequence of conviction. A person convicted of a felony in another jurisdiction must first obtain a restoration of civil rights from the Governor or other appropriate authority of that jurisdiction. *Gallagher*, at 453. Second, after fulfilling this condition precedent, all convicted felons must then successfully petition the circuit court in the jurisdiction in which they reside for a permit to possess or carry a firearm, pursuant to Va. Code § 18.2-308.2(C). *Gallagher*, at 453-54.

In the instant case, the VSP relies exclusively on *Farnsworth v. Commonwealth*, 270 Va. 1, 613 S.E.2d 459 (2005), as support for its contention that Mr. Rodriguez's right to possess a firearm was not restored in the Commonwealth of Virginia. In light of *Gallagher*, however, this case is easily distinguished from *Farnsworth*.

In *Farnsworth*, the defendant was convicted of a felony in West Virginia and, after serving his sentence, received a document from the West Virginia Department of Corrections stating that "[a]ny and all civil rights heretofore forfeited are hereby restored." *Farnsworth*, 270 Va. at 2. The defendant was subsequently convicted of possession of a firearm by a convicted felon in Virginia in violation of Virginia Code § 18.2-308.2. *Id*. The Supreme Court of Virginia held that the defendant's restoration of rights in West Virginia, without more, was insufficient as a defense. *Id*.

Here, as in *Farnsworth*, Mr. Rodriguez received a document restoring his civil rights following the completion of his sentence in New York, thereby satisfying the condition precedent required by the Court in *Gallagher*. However, Mr. Rodriguez went one step further than the defendant in *Farnsworth* by successfully petitioning this Court for restoration of his firearm rights. The New York Certificate, together with the issuance of Mr. Rodriguez's Concealed Weapons Permit, satisfies the two-step process set forth by the *Gallagher* Court, thereby restoring Mr. Rodriguez's firearm rights in the Commonwealth of Virginia.

## B. *Lack of Jurisdiction Due to Time Bar*

Suits brought under Va. Code § 9.1-135 must be initiated within thirty days of denial of the right to purchase a firearm. Va. Code § 18.2-308.2:2(E).

Mr. Rodriguez argued at oral argument, based on his telephone call to NICS, the VSP did not deny his purchase on May 12, 2012, but rather delayed his purchase and that the denial did not actually occur until May 25, 2012.

The VSP claims that, based on his pleading and attachments, Mr. Rodriguez's purchase was denied on May 12, 2012, rendering his filing of suit forty-three days later on June 25, 2012, well outside the thirty-day window prescribed by § 9.1-135.

Even assuming *arguendo* that Mr. Rodriguez has correctly identified the date of denial as May 25, 2012, his filing of the instant suit thirty-one days later on June 25, 2012, nonetheless falls outside the prescribed thirty-day period. Mr. Rodriguez's Petition is hereby denied because he did not timely file his petition.

The VSP argued at the motion hearing that Mr. Rodriguez does not qualify for a concealed weapon permit because he had not been pardoned by the Governor of the Commonwealth of Virginia. The Court specifically rejects this argument. Because the Governor of the Commonwealth does not have authority to pardon a person from another jurisdiction, it would be absurd to require that person to attempt to seek a pardon from the Governor.

Mr. Rodriguez has completed all necessary steps to receive a concealed weapons permit. This appeal is denied solely for the reason that his appeal is untimely. Mr. Rodriguez is free to attempt to purchase another weapon should he be so inclined.