COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Alexandria, Virginia


SAMUEL L. FARNSWORTH

                                                    OPINION BY
v.       Record No. 2384-02-4           JUDGE JEAN HARRISON CLEMENTS
                                                    JULY 27, 2004
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                         Ann Hunter Simpson, Judge

          Robert G. Hyman for appellant.

          Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellee.


        Samuel L. Farnsworth was convicted in a bench trial of possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2.  On appeal, he contends the trial court erred

in concluding that his prior felony conviction in the state of West Virginia for armed robbery

constituted a predicate felony conviction under Code § 18.2-308.2, because his civil rights,

including his right to possess a firearm, had been previously restored by the state of West

Virginia upon his completion of the sentence for that offense.  Finding no error, we affirm the

trial court's judgment and Farnsworth's conviction.

                                    I.  BACKGROUND

        The relevant facts in this case are not in dispute.  On October 5, 2001, Farnsworth was

indicted for possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2.

Prior to trial, Farnsworth moved to have the charge dismissed, arguing the Commonwealth could

not use his prior felony conviction in West Virginia as the requisite predicate conviction under

Code § 18.2-308.2 because that state had earlier restored his civil rights upon his release from prison.

At the May 22, 2002 hearing on that motion, Farnsworth and the Commonwealth stipulated that Farnsworth was convicted on March 19, 1979, of armed robbery in Lewis County, West Virginia and that, following his release from prison in that state, he received an "Official Certificate of Discharge" issued by the West Virginia Department of Corrections, which stated as follows:

> This is to certify that Samuel Farnsworth HCC-11183 is hereby discharged by expiration of sentence as of the 1st day of April, 1985. Any and all civil rights heretofore forfeited are restored. Done this 18th day of April, 1985.

The parties further stipulated that Farnsworth possessed a firearm in Stafford County, Virginia on or about April 15, 2001.

Concluding that the restoration of Farnsworth's civil rights in West Virginia did not prohibit his prosecution under the "clear and unambiguous" meaning of Code § 18.2-308.2, the trial court denied the motion to dismiss. Farnsworth then stipulated that the Commonwealth's evidence was sufficient to convict him, and the trial court found him guilty as charged.

The trial court subsequently imposed the minimum mandatory sentence of five years in the penitentiary, and this appeal followed.

## II. ANALYSIS

In this appeal, we are asked to review the trial court's determination that Farnsworth was a convicted felon within the meaning of Code § 18.2-308.2. Because this is a question of law involving the construction and application of Code § 18.2-308.2, we review the trial court's judgment *de novo*. See Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998) (noting that, "although the trial court's findings of historical fact are binding on appeal

unless plainly wrong, we review the trial court's statutory interpretations and legal conclusions *de novo*").

Relying on United States v. Haynes, 961 F.2d 50 (4th Cir. 1992), and United States v. Stump, 784 F. Supp. 326 (N.D. W.Va. 1992), Farnsworth asserts, on appeal, that, although he was previously convicted of a felony in West Virginia, he was not prohibited from possessing a firearm in Virginia on or about April 15, 2001, because, after serving his sentence for the felony conviction in West Virginia, he received a certificate of discharge from the West Virginia Department of Corrections in 1985 officially restoring all of the civil rights he had forfeited as a result of his conviction. Thus, he argues, because his civil rights were previously restored by the state of West Virginia and because Virginia law makes no reference to the restoration of a convicted felon's civil rights by another state, his felony conviction in West Virginia may not be used as a predicate felony conviction to prosecute him for possession of a firearm by a felon under Code § 18.2-308.2. He further argues that, under the Full Faith and Credit Clause of the United States Constitution, Virginia must recognize, in its application of Code § 18.2-308.2, the restoration of his civil rights by the state of West Virginia and his right, under the law of that state, to possess a firearm. Thus, he concludes, he was not properly subject to prosecution under Code § 18.2-308.2 and the trial court erred in ruling to the contrary.

In response, the Commonwealth contends that Farnsworth's reliance on federal court cases is misplaced and that the trial court correctly concluded, in accordance with the clear meaning of Code § 18.2-308.2, that the restoration of Farnsworth's civil rights in West Virginia did not exempt him from prosecution under that statute, because his right to possess a firearm in West Virginia had no bearing on his legal ability to do so in Virginia. The Commonwealth further contends that Farnsworth's argument regarding the "full faith and credit" clause is barred on appeal because he did not raise it in the trial court.

On appeal, as below, the Commonwealth does not challenge Farnsworth's assertion that his civil rights were restored in West Virginia by virtue of the April 18, 1985 certificate of discharge issued by the West Virginia Department of Corrections. Thus, we assume, without deciding, that, for purposes of this appeal, Farnsworth's civil rights were restored by the state of West Virginia upon his discharge from prison after serving the sentence for his March 19, 1979 armed robbery conviction in West Virginia.

The dispositive question before us, then, is whether the restoration of Farnsworth's civil rights after he served the sentence for his armed robbery conviction in West Virginia precludes the use of that conviction as a predicate felony conviction under Code § 18.2-308.2. We conclude that the plain meaning of the language of Code § 18.2-308.2 answers this question in the negative.

> In reviewing the language of Code § 18.2-308.2, we adhere to the familiar principle that "[u]nder basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute. When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated."

Alger v. Commonwealth, 267 Va. 255, 259, 590 S.E.2d 563, 565 (2004) (quoting Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003) (citations omitted)). "We must also assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). "Moreover, we examine a statute in its entirety, rather than by isolating particular words or phrases." Chesterfield County v. Stigall, 262 Va. 697, 704, 554 S.E.2d 49, 53 (2001). Furthermore, "[w]hile it is true that penal statutes must be strictly construed against the Commonwealth in criminal cases, 'we will not apply "an unreasonably restrictive interpretation of the statute" that would subvert the legislative intent expressed therein.'"

Alger, 267 Va. at 259, 590 S.E.2d at 565 (quoting Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979))).  "The manifest intention of the legislature, clearly disclosed by its language, must be applied."  Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944).

The version of Code § 18.2-308.2 in effect on or about April 15, 2001, when Farnsworth admittedly possessed a firearm in Stafford County, provided, in pertinent part, as follows:

> A.  It shall be unlawful for . . . any person who has been convicted of a felony . . . , whether such conviction . . . occurred under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm . . . .
>
> B.  The prohibitions of subsection A shall not apply to . . . any person who has been pardoned or whose political disabilities have been removed pursuant to Article V, Section 12 of the Constitution of Virginia . . . .
>
> C.  Any person prohibited from possessing, transporting, or carrying a firearm under subsection A, may petition the circuit court of the jurisdiction in which he resides for a permit to possess or carry a firearm; however, no person who has been convicted of a felony shall be qualified to petition for such a permit unless his civil rights have been restored by the Governor or other appropriate authority.  The court may, in its discretion and for good cause shown, grant such petition and issue a permit.  The provisions of this section shall not apply to any person who has been granted a permit pursuant to this subsection.

As relevant to the issue before us in this appeal, the language of Code § 18.2-308.2(A) is plain and unambiguous and clearly manifests the legislature's intent to prohibit those who have been convicted of a felony under the law of, *inter alia*, any state in the United States, including West Virginia, from possessing a firearm in Virginia.  See generally Alger, 267 Va. at 259, 590 S.E.2d at 565 (stating that "it is clear the obvious intent of that statute [is] to prohibit persons convicted of felonies from possessing firearms").  The statute draws no distinction between those felons previously convicted of a felony in Virginia and those previously convicted of a felony in

another state. It is concerned only "with preventing a person, who is known to have committed a serious crime in the past, from becoming dangerously armed" while in Virginia. Jones v. Commonwealth, 16 Va. App. 354, 358, 429 S.E.2d 615, 617, aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993); see Alger v. Commonwealth, 40 Va. App. 89, 93, 578 S.E.2d 51, 53 (2003) (observing that "the 'mischief' at which [Code] § 18.2-308.2(A) is directed is the possession of firearms by convicted felons in an attempt to prevent indiscriminate use of dangerous weapons by one previously convicted of a serious crime"), aff'd, 267 Va. 255, 590 S.E.2d 563 (2004); Mayhew v. Commonwealth, 20 Va. App. 484, 491, 458 S.E.2d 305, 308 (1995) (noting that Code § 18.2-308.2's purpose of preventing felons from possessing firearms "finds its justification from the lessons of common experience that possession of firearms by felons presents a high risk of harm to others").

However, the statute expressly provides two specific methods by which a convicted felon like Farnsworth may be exempted from the prohibition against possessing a firearm in Virginia. Pursuant to Code § 18.2-308.2(B)(iii), the prohibition does not apply to "any" felon who has had his "political disabilities" removed by the Governor "pursuant to Article V, Section 12 of the Virginia Constitution."[1] Additionally, pursuant to Code § 18.2-308.2(C), "any" felon whose "civil rights have been restored by the Governor or other appropriate authority" may petition the circuit court in Virginia where he resides for a permit to possess a firearm. If the court, "in its discretion and for good cause shown," grants such a permit, the statute's prohibition against

---

[1] Article V, Section 12 of the Virginia Constitution provides, in pertinent part, as follows:

> The Governor shall have power to remit fines and penalties under such rules and regulations as may be prescribed by law; to grant reprieves and pardons after conviction except when the prosecution has been carried on by the House of Delegates; to remove political disabilities consequent upon conviction for offenses committed prior or subsequent to the adoption of this Constitution; and to commute capital punishment.

possessing a firearm does not apply to that felon. Code § 18.2-308.2(C). Farnsworth did not obtain relief under either of these statutory exemptions.

Code § 18.2-308.2 sets forth no other method by which a person convicted of a felony may have his right to possess a firearm restored in Virginia. Indeed, nothing in the statute automatically exempts from its application a convicted felon whose civil rights have been restored by another state following the felon's completion of his sentence in that state. Consequently, to hold as Farnsworth urges would require us to incorporate into the statute an additional exemption not provided for by the statute's plain terms, which we may not do. See Flanary v. Milton, 263 Va. 20, 23, 556 S.E.2d 767, 769 (2002) (holding that a court may not read a new exemption into a "statute plain on its face"); Coca-Cola Bottling Co. of Roanoke, Inc. v. County of Botetourt, 259 Va. 559, 565, 526 S.E.2d 746, 750 (2000) (holding that courts are not permitted to "change or amend a statute under the guise of construing it"). Had the legislature wished to include such an exemption in the statute, it could have done so, but it did not. We conclude, therefore, that the legislature intended that Code § 18.2-308.2(B)(iii) and 18.2-308.2(C) constitute the exclusive means by which a convicted felon in Farnsworth's position may be exempted from the prohibition against possessing a firearm in Virginia. See Commonwealth v. Brown, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000) (holding that, under the fundamental principle of statutory construction *expressio unius est exclusio alterius*—which "provides that where a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute"—when a "'legislative enactment limits the manner in which something may be done, the enactment also evinces the intent that it shall not be done another way'" (quoting Grigg v. Commonwealth, 224 Va. 356, 364, 297 S.E.2d 799, 803 (1982))). Accordingly, the restoration of Farnsworth's civil rights by

the state of West Virginia did not, by itself, preclude the use of Farnsworth's conviction for armed robbery in West Virginia as a predicate felony conviction under Code § 18.2-308.2.

We further note that Farnsworth's reliance in this case upon federal case law is misplaced. The cases cited by Farnsworth, Haynes and Stump, address the application of 18 U.S.C. § 922(g)(1), which establishes the federal prohibition against a convicted felon's possession of a firearm. The application of 18 U.S.C. § 922(g)(1) is governed by 18 U.S.C. § 921(a)(20), which expressly states that "[w]hat constitutes a [predicate felony conviction under 18 U.S.C. § 922(g)(1)] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held" and that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a [predicate felony] conviction for purposes of this chapter." Thus, in both Haynes, 961 F.2d at 53, and Stump, 784 F. Supp. at 328, the federal defendants charged under 18 U.S.C. § 922(g)(1) who had their civil rights restored by West Virginia were automatically exempted from prosecution under that statute by the clear language of 18 U.S.C. § 921(a)(20). However, as discussed above, no such or similar language appears in or pertains to Virginia's Code § 18.2-308.2. Accordingly, the federal case law cited by Farnsworth is neither binding nor of any persuasive value in the instant matter.

We further find that Farnsworth's reliance, on appeal, on the federal Constitution's Full Faith and Credit Clause is procedurally barred under Rule 5A:18. Pursuant to Rule 5A:18, this Court "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "Rule 5A:18 applies to bar even constitutional claims." Id. "The purpose of [this] rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and

resolve issues in the trial court, thus avoiding unnecessary appeals." <u>Andrews v. Commonwealth</u>, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002).

Here, Farnsworth argues on appeal that, pursuant to Article IV, Section 1 of the United States Constitution, Virginia was obligated to give full faith and credit to the restoration of his civil rights in West Virginia. Thus, he argues, Virginia was required to accept his right to possess a firearm "as determined under the law of West Virginia." He asserts that he properly "preserved this issue" when he argued to the trial court that "Virginia needs to recognize [that his rights were restored in West Virginia]." We disagree. Farnsworth made this statement in the context of arguing that the federal case law discussed above, which has no relevance to the Full Faith and Credit Clause, supported his position and that Virginia did not provide a means of restoring a felon's rights if the felon was not convicted in Virginia. Moreover, Farnsworth neither mentioned the Full Faith and Credit Clause of the United States Constitution by name nor drew any connection between it and the matter before the trial court. We hold, therefore, that, having failed to make any argument concerning the Full Faith and Credit Clause before the trial court, Farnsworth is procedurally barred by Rule 5A:18 from raising the issue for the first time on appeal.

Moreover, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18. <u>See</u> <u>M. Morgan Cherry & Assocs. v. Cherry</u>, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (en banc) (holding that the "good cause" exception to Rule 5A:18 will not be invoked where appellant had the opportunity to raise the issue at trial but did not do so); <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred."); <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448

(2003) (en banc) ("We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18."), <u>petition for appeal granted</u>, No. 040019 (Va. Sup. Ct. Order of 4/14/04).

Accordingly, we affirm the trial court's judgment and Farnsworth's conviction.

<u>Affirmed.</u>

Benton, J., concurring.

I concur in the opinion, and write separately to address the Rule 5A:18 preclusion.

In the trial court, Farnsworth's attorney argued, in part, as follows:

> So I think number one, the man was restored. And number two, he was restored in West Virginia where he was required to be restored. And number three, I think Virginia needs to recognize that. I don't think it would make any sense to require him to reapply for restoration in every state he happens to live in. And I don't think Virginia has any restoration statutes that would apply to somebody that was convicted in another state. I don't think Virginia would be the proper jurisdiction for him to be restored. I don't think our law makes application to laws like this.

> Bear [with] me for a moment. Some language used in some of these cases was that it was fundamentally unfair to require somebody to have to reapply every time the law changed. That was kind of the holding of the Federal Court.

This argument merely addresses the attorney's belief that the statute did not provide Farnsworth a means of obtaining a permit to possess a firearm because he was convicted in another state and had his civil rights restored in another state. Agreeing with the majority, I do not perceive this argument to be focused upon the Full Faith and Credit Clause.

I continue to believe that this Court may consider *sua sponte* the exception to Rule 5A:18 that permits our review "for good cause shown or to enable the Court of Appeals to attain the ends of justice." See Edwards v. Commonwealth, 41 Va. App. 752, 770-77, 589 S.E.2d 444, 453-56 (2003) (Benton, J., dissenting). See also Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 792-93 (1981) (when appellant's attorney, "[i]n reply to [the Supreme Court's] inquiry," addressed an issue "not presented at trial," the Court invoked Rule 5:21 (the predecessor to its Rule 5:25) to reverse the conviction "because it was necessary to attain the ends of justice"). It seems to me, however, that Farnsworth's analysis summarily ignores the provision in the statute which provides that a convicted felon may petition the circuit court for a permit if "his civil rights have been restored by the Governor or other appropriate authority."

- 11 -

Code § 18.2-308.2(C). It further seems clear to me that in Farnsworth's case the "appropriate authority" includes the West Virginia agency charged to restore the civil rights of persons convicted in West Virginia. In short, he had an avenue of relief under the statute which he failed to pursue, foreclosing a claim that we should invoke the "ends of justice" exception to Rule 5A:18 to address his contention that the Full Faith and Credit Clause is implicated in this case. See also People v. Shear, 83 Cal. Rptr. 2d 707, 714 (Cal. App. 1999) (holding that the "full faith and credit clause" did not preclude California from prohibiting a convicted felon from possessing a firearm within its borders merely because his civil rights had been restored in the state of the conviction).