COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Kelsey and McClanahan
Argued at Alexandria, Virginia


MICHAEL JAMES MILES

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1847-05-4                JUDGE ELIZABETH A. McCLANAHAN
                                                    SEPTEMBER 4, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

        T.C. Lea, Jr., for appellant.

        Craig W. Stallard, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Michael James Miles appeals the trial court's July 5, 2005 revocation of his suspended

sentence. On appeal, he argues (i) the trial court's ruling was based on conduct previously

considered and found to be a violation of his probation in contravention of the Double Jeopardy

Clause and (ii) he committed no additional acts of misconduct after his previous probation

violation hearing and release from incarceration. We affirm the trial court.

                                    I. BACKGROUND

        In February 2000, Miles received a six-year suspended sentence for aggravated malicious

wounding. In December 2004, the trial court revoked Miles' six-year suspended sentence

finding Miles failed to complete a court-ordered halfway house program. Although Miles had

been charged with distribution of cocaine and obstruction of justice at that time, the trial court

"did not consider the charges that were against Mr. Miles because those were charges only." The

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trial court re-suspended five years and ten months of the sentence. Miles was released to supervised probation on January 30, 2005. In April 2005, Miles was convicted of the cocaine distribution and obstruction of justice charges. Finding Miles in violation of the terms of the 2000 sentencing order, the trial court revoked the remainder of the suspended sentence.

## II. ANALYSIS

Miles first argues the trial court's ruling was based on conduct it previously considered and found to be a violation of his probation in contravention of the Double Jeopardy Clause of the Fifth Amendment. Miles conceded at oral argument he makes this argument for the first time on appeal. Rule 5A:18 provides "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Applying Rule 5A:18, we have held "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 444 S.E.2d 484, 488 (1998)). "'Rule 5A:18 applies to bar even constitutional claims.'" Id. (quoting Ohree, 26 Va. App. at 308, 444 S.E.2d at 488). Thus, Rule 5A:18 bars our consideration of this argument on appeal.

In the final paragraph of his brief, Miles argues the trial court erred in revoking his suspension because he committed no additional acts of misconduct after the December 2004 hearing and his release from incarceration in January 2005. He fails to cite to any legal authority for this argument or even discuss Code § 19.2-306 which governs the revocation of a suspended sentence. According to Rule 5A:20(e), an appellant's opening brief must contain "the principles of law, the argument, and the authorities relating to each question presented." By failing to cite any authority in support of this argument in his opening brief, Miles violated the

provisions of Rule 5A:20(e).  As we have repeatedly stated, "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

> One of the fundamental purposes of Rule 5A:20(e) is to provide the appellee with notice of the authorities upon which the appellant purports to rely.  Excepting oral argument, the appellee is given a single opportunity to distinguish cases and respond to arguments raised in the appellant's opening brief.  See Rule 5A: 21; see also Rule 5A:19 (granting the appellant, but not the appellee, the right to file a reply brief). . . . Permitting an appellant to sidestep the provisions of Rule 5A:20(e) . . . would therefore deprive the appellee of the opportunity to meaningfully respond to the appellant's argument, thereby eviscerating the underlying purpose of the Rule.

Jeter v. Commonwealth, 44 Va. App. 733, 740-41, 607 S.E.2d 734, 737 (2005).  Therefore we will not consider this argument on appeal.

For the reasons stated above, the judgment of the trial court is affirmed.

Affirmed.