COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Haley
Argued at Richmond, Virginia


ERNEST BAKER

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0220-07-2                  JUDGE ELIZABETH A. McCLANAHAN
                                                                 AUGUST 5, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                                 Oliver A. Pollard, Jr., Judge

            Daniel W. Hall, Senior Assistant Public Defender, for appellant.

            Susan M. Harris, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


       Ernest Baker appeals his conviction for trespassing in violation of Code § 18.2-119, a

Class 1 misdemeanor, and argues the evidence was insufficient to convict him because the

Commonwealth failed to prove he was banned from the property and the trial court shifted the

burden of proof to him in violation of the Due Process Clause.  We affirm the trial court.

                                        I.  BACKGROUND

       On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "'discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences that may be drawn therefrom.'"  Kelly v. Commonwealth, 41 Va. App. 250,

254, 584 S.E.2d 444, 446 (2003) (en banc) (quoting Watkins v. Commonwealth, 26 Va. App.

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

335, 348, 494 S.E.2d 859, 866 (1998)). See also Bolden v. Commonwealth, 275 Va. 144, 147-48, 654 S.E.2d 584, 586 (2008); Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).

So viewed, the evidence proved at approximately 9:00 p.m., Officer Buffkin of the Petersburg Police Department and a recruit officer he was training, Officer Vasquez, were dispatched to the 700 block of Mt. Airy Street to investigate a report of shots being fired. Upon the officers' arrival to that location, they observed Baker walking along the street in a northerly direction toward their cruiser. When they exited their vehicle, Baker took off running in the opposite direction through yards along the street. As he was running, Buffkin observed Baker drop something black from his hand. Baker cut through the yard of 717 Mt. Airy Street and crawled through a hole in the fence. Buffkin noticed a "No Trespassing" sign posted on the house and ordered Baker to stop.[1] Buffkin caught up with Baker and later arrested him for trespassing.[2] After his arrest, Baker told Vasquez that his cousin owned the property.

At his bench trial, Baker moved to strike the evidence arguing there was no proof he was banned from the property and no proof the true owner had posted the "No Trespassing" sign. The trial court denied the motion and found Baker guilty.

---

[1] Vasquez testified he saw a sign subsequent to the arrest on the side of the house. Buffkin noticed a sign, prior to stopping Baker, on the front of the house. To the extent there was a conflict, the trial court resolved it in favor of the Commonwealth noting Buffkin, not Vasquez, was the arresting officer. We review the evidence in the light most favorable to the Commonwealth. See Hudson, 265 Va. at 514, 578 S.E.2d at 78.

[2] Baker was also arrested for possession of cocaine that was recovered when he was searched incident to the arrest. That charge was later dismissed.

II.  ANALYSIS

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict."  Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991).  "The trial court's judgment will not be set aside unless plainly wrong or without evidence to support it."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).  "The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination."  Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998) (internal citation omitted). "This Court does not substitute its judgment for that of the trier of fact."  Hunley, 30 Va. App. at 559, 518 S.E.2d at 349 (citing Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992)).  The only relevant inquiry is "whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004) (citation and footnote omitted); Kelly, 41 Va. App. at 257, 584 S.E.2d at 447.

Baker argues the evidence was insufficient to support his conviction for violation of Code § 18.2-119.  Code § 18.2-119 provides, in pertinent part, as follows:

> If any person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, *after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof, or after having been forbidden to do so by a sign or signs posted by such persons* . . . he shall be guilty of a Class 1 misdemeanor.

(Emphasis added).  Thus, the statute makes it unlawful for any person to go upon the property of another person "after having been forbidden to do so by a sign or signs posted by" the "owner, lessee, custodian or other person lawfully in charge thereof."  Id.

- 3 -

Baker argues the Commonwealth failed to prove the "No Trespassing" sign was posted by one of the enumerated persons in the statute and thus failed to prove he was banned from the property. We disagree. It is undisputed that Baker went upon property owned by another person, and it is undisputed that the property was posted with a "No Trespassing" sign. The trial court made the reasonable inference from these proven facts that the owner or someone lawfully in charge of the property posted the sign. See Marable, 27 Va. App. at 509-10, 500 S.E.2d at 235 (inferences to be drawn from proven facts is a matter solely for the fact finder). Therefore, the trial court's judgment was not "plainly wrong or without evidence to support it." Hunley, 30 Va. App. at 559, 518 S.E.2d at 349.[3]

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

---

[3] We decline to address Baker's argument that the trial court violated his due process rights by shifting the burden of proof. Baker failed to make this argument to the trial court, and we will not consider an argument made for the first time on appeal. See Rule 5A:18. Applying Rule 5A:18, we have held "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 444 S.E.2d 484, 488 (1998)). "'Rule 5A:18 applies to bar even constitutional claims.'" Id. (quoting Ohree, 26 Va. App. at 308, 444 S.E.2d at 488). Thus, Rule 5A:18 bars our consideration of this argument on appeal.