COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and White

JUSTIN MICHAEL PAYNE

MEMORANDUM OPINION*

v.      Record No. 0574-22-4                                              PER CURIAM
                                                                                        JANUARY 17, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
William W. Eldridge, IV, Judge

(Howard J. Manheimer, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lindsay M. Brooker, Assistant
Attorney General, on brief), for appellee.


Justin Michael Payne pled guilty to possession of methamphetamine under a written plea

agreement that provided that his sentence would not exceed the "high end of his [sentencing]

guidelines." The circuit court sentenced him to three years' incarceration with all but one year and

two months suspended. Payne contends that the circuit court erred by considering his "prior

probation violations as 'prior convictions' for the purposes of determining" the range of his

sentencing guidelines. Payne also argues that his active sentence violated his plea agreement. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

We affirm the judgment of the circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND

On February 1, 2022, Payne pled guilty to possession of methamphetamine under a written plea agreement that provided that his sentence would "be capped at the high end of his [sentencing] guidelines." After conducting a colloquy and concluding that Payne's plea of guilty was "freely, voluntarily, and intelligently made," the circuit court convicted Payne of possession of methamphetamine and ordered preparation of a presentence investigation report.

Before the sentencing hearing, a probation officer filed a presentence investigation report that contained sentencing guidelines recommending imposition of active incarceration between nine months at the low end, one year and eight months at the high end, and one year and six months at the midpoint. On Section A of the sentencing guidelines worksheet, the probation officer included three felony probation violations among Payne's prior convictions.

At the sentencing hearing, Payne objected to the sentencing guidelines as prepared. Relying on *Jaccard v. Commonwealth*, 268 Va. 56 (2004), Payne argued that the probation officer erroneously treated his prior felony probation violations as "convictions" for purposes of computing the recommended sentencing range. The circuit court held that *Jaccard* was inapposite and overruled the objection. The circuit court then sentenced Payne to three years' incarceration with one year and ten months suspended. Payne appeals.

ANALYSIS

I. Sentencing Guidelines

Payne argues that the circuit court erroneously "counted" his previous probation violations as "prior convictions" in calculating his sentencing guidelines. He asserts that if properly computed, the guidelines should have recommended a maximum sentence of six months' incarceration. We do not consider Payne's argument as it is not cognizable on appeal.

Code § 19.2-298.01, governing the use of discretionary sentencing guidelines, requires the circuit court "to consider the sentencing guidelines before sentencing [the appellant] and to file with the record of the case a written explanation of any departure from the indicated range of punishment." *Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019) (alteration in original) (quoting *West v. Dir., Dep't of Corr.*, 273 Va. 56, 65 (2007)). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Thus, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F); *see also Fazili*, 71 Va. App. at 248-49.

Although Payne asks this Court to review the circuit court's calculation of his sentencing guidelines, we lack the authority to do so. *See* Code § 19.2-298.01(F). Accordingly, we do not consider his argument challenging the calculation of the guidelines.

## II. Violation of Plea Agreement

Payne asserts that "by erroneously allowing [his] prior probation violations to be included as part of his 'prior convictions' for sentencing guidelines purposes," the circuit court sentenced him "to an active period of incarceration that exceeded that which was contemplated in the plea agreement." Payne has failed to preserve this argument for appellate review.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Accordingly, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (alteration in original) (quoting *Ohree v.*

*Commonwealth*, 26 Va. App. 299, 308 (1998)). Moreover, appellate courts "will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue." *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*) (citing *Floyd v. Commonwealth*, 219 Va. 575, 584 (1978)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019); *see also Brown v. Commonwealth*, 279 Va. 210, 217 (2010). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea*, 297 Va. at 743 (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

At trial, Payne argued only that his sentencing guidelines were inaccurate, *not* that his sentence violated his plea agreement. Accordingly, we do not address his argument which he raises for the first time on appeal. *Farnsworth*, 43 Va. App. at 500. Payne does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and we will not do so *sua sponte*. *Edwards*, 41 Va. App. at 761.

CONCLUSION

For the above reasons, we affirm the circuit court's judgment.

*Affirmed.*