COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Friedman and Raphael

MICHAEL SCOTT WOLFE

MEMORANDUM OPINION*
v.        Record No. 0902-22-3                    PER CURIAM
APRIL 18, 2023

COMMONWEALTH OF VIRIGNIA

FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Edward K. Stein, Judge

(James V. Doss, III, on brief), for appellant.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.

Michael Scott Wolfe challenges the sentence the trial court imposed upon its finding that he

had violated the terms and conditions of a previously suspended sentence. We have reviewed the

parties' pleadings, fully examined the proceedings, and determined the case to be wholly without

merit as set forth below. Thus, the panel unanimously holds that oral argument is unnecessary.

Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"On appeal, we view the evidence received at a revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

inferences that may properly be drawn from it." *Green v. Commonwealth*, 75 Va. App. 69, 76

(2022) (cleaned up) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he trial

court's 'findings of fact and judgment will not be reversed unless there is a clear showing of

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

On February 18, 2020, the trial court convicted Wolfe of strangulation and child endangerment under a written plea agreement. The court sentenced Wolfe to a total of ten years' incarceration with nine years and nine months suspended, conditioned on payment of court costs and the successful completion of three years of supervised probation. In addition, the trial court ordered Wolfe to "have no abusive contact" with the victims, C.H. and his daughter, H.W.

Wolfe began supervised probation on February 19, 2020. Wolfe initially secured stable employment and housing. In November 2020, the Alleghany Highlands Community Services referred Wolfe to psychiatric treatment and anger management courses. In March 2021, Wolfe's probation officer learned that Wolfe "had been doing drugs but was doing better." Wolfe also reported that he had ended his relationship with his girlfriend and she would not allow him to see his children.

In July 2021, Wolfe's probation officer learned of a domestic incident where Wolfe was "strung out" and left a "bite mark" on his son's leg. In November 2021, the trial court convicted him on guilty pleas of malicious wounding, abuse or neglect of a child, and child endangerment. The trial court subsequently sentenced Wolfe to seven years of active incarceration on the new convictions. In addition, on March 2, 2022, the trial court issued a capias for Wolfe's arrest and an order for him to show cause why his previously suspended sentences for the 2020 offenses should not be revoked.

At the initial revocation hearing, the trial court continued the case on its own motion so the judge who sentenced Wolfe on the new offenses could consider the revocation case. At the next hearing, Wolfe did not contest that he had violated the terms and conditions of his probation. Wolfe testified that as a child he initially lived with his sister's father, who he thought

was his father also until he was twelve or thirteen. He then lived with his mother and stepfather until he was fourteen. After that he lived with friends for about a year before being placed in a "group home." Wolfe acknowledged that his violation was based on "very serious charges" and that his three-year-old daughter, H.W., has twice been the victim of his felony child abuse. In addition, H.W. was present when Wolfe committed the malicious wounding against his son.

The Commonwealth argued that the entirety of Wolfe's probation should be revoked. It argued that Wolfe was on probation for strangling the mother of his child and abusing one of his children and his new offenses involved felony child abuse and malicious wounding of a child. The Commonwealth argued that Wolfe did not take probation "seriously," did not "change," and was a threat to the community. Wolfe countered that he was a "good worker" and his admitted substance abuse problem contributed "to all these events." He did not disagree with the Commonwealth's position regarding the nature of his offenses but argued that his childhood background was mitigating evidence. Wolfe reminded the court that it had imposed seven years of active incarceration on the new offenses and asserted that "[h]opefully" the court had been aware of this pending revocation proceeding when it fashioned that sentence.

In allocution, Wolfe stated that he was remorseful and asked the trial court to allow him to be a father and "better" himself through "some programs." The trial court stated that it looked at the new offenses and subsequent revocation case independently and had sentenced him on the new offenses without "any preconceived notion or plan of what it was going to do" in the revocation case. The court found that Wolfe had committed "the same type of . . . violent offenses" that he had been on probation for. The court stated that sometimes incarceration was counterproductive but that there was a "time" for "punishment" and a time for rehabilitation. Accordingly, the court revoked Wolfe's previously suspended sentences and resuspended all but three years. Wolfe appeals.

ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* As relevant to appellant's claim, Code § 19.2-306.1(B) provides that "[i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended."[1]

The record demonstrates that the trial court had sufficient cause to revoke Wolfe's suspended sentences based on his new criminal convictions. Indeed, Wolfe did not contest at the hearing that he had violated the conditions of the suspension by sustaining new convictions. Thus, the trial court had discretion to revoke any part of the sentences it deemed appropriate. In making that decision, it was within the trial court's purview to weigh any mitigating factors Wolfe presented, including his childhood, substance abuse problem, and desire for rehabilitation.

---

[1] Code § 19.2-306(C) was amended effective July 1, 2021, and Wolfe does not contest that the statutory amendment applied in his case. *See Green*, 75 Va. App. at 83-84. Regardless, under both the old and new statutory frameworks, the trial court has discretion to impose the balance of a previously suspended sentence when, as here, a probationer commits a new criminal offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I ch. 538; Code § 19.2-306.1(B); *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

*Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against those circumstances were his new convictions for malicious wounding, abuse or neglect of a child, and child endangerment.

"[T]he Supreme Court has repeatedly emphasized that '[p]robation statutes are highly remedial and should be liberally construed *to provide trial courts a valuable tool* for rehabilitation of criminals'" through the use of probation, suspension of all or part of a sentence, and/or restitution. *Green*, 75 Va. App. at 77. Wolfe disregarded his opportunity for rehabilitation and, instead, committed "the same type of . . . violent offenses" against his children that he had been on probation for. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Wolfe abused the grace the trial court had extended to him. Thus, upon review of the record, we find no abuse of the trial court's sentencing discretion.[2]

---

[2] In a single sentence on brief, Wolfe asserts that this case concerns "whether the imposition of a three-year active sentence added consecutively to a seven-year active sentence violates the Constitutional protection against double jeopardy, that is being punished twice for the same offense." To the extent Wolfe presents a double jeopardy argument on appeal, Rule 5A:18 bars this Court from considering that argument because it was not presented to the trial court. *See Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) ("Rule 5A:18 applies to bar even constitutional claims." (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998))). In addition, Wolfe's single-sentence statement is not supported by any citations to legal authority and is, therefore, waived under Rule 5A:20. *See Turner v. Commonwealth*, 67 Va. App. 46, 61 (2016) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not . . . correct deficiencies in a brief." (quoting *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992))).

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*