COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Ortiz and Senior Judge Haley


JAVON WILLIAMS, SOMETIMES KNOWN AS
 JAVON A. WILLIAMS

v.      Record No. 1650-22-4

COMMONWEALTH OF VIRGINIA                    MEMORANDUM OPINION*
                                                         PER CURIAM
JAVON WILLIAMS, SOMETIMES KNOWN AS          MAY 16, 2023
 JAVON A. WILLIAMS

v.      Record No. 1651-22-4

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
James C. Clark, Judge
Lisa B. Kemler, Judge[1]

(Yancey Ellis; Carmichael Ellis & Brock, PLLC, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Collin C. Crookenden,
Assistant Attorney General, on brief), for appellee.


Javon A. Williams challenges his conviction for possessing a firearm after being convicted

of a felony. Williams also challenges the circuit court's judgment revoking his previously

suspended sentence for another conviction and contends that the circuit court arbitrarily imposed 12

months in jail and refused to run that sentence concurrently with his sentence for the firearm

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Judge Kathleen M. Uston presided over a consolidated hearing for Williams's firearm charge and probation violation, Circuit Court Nos. CF22000083 and CF21000145, respectively. Judge Lisa B. Kemler entered the final order sentencing Williams on the firearm charge in Case No. CF22000083, and Judge James C. Clark entered the final order revoking Williams's previously-suspended sentence in Case No. CF21000145.

conviction. After examining the briefs and records, the panel unanimously holds that oral argument is unnecessary because "the appeal[s are] wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Finding no error, we affirm the circuit court's judgment.

## BACKGROUND

On November 18, 2021, the circuit court convicted Williams of attempted malicious wounding by mob and sentenced him to five years' incarceration. The court suspended all but "time served" of that sentence conditioned upon successful completion of three years' supervised probation. On April 29, 2022, the Commonwealth reported that Williams had failed to contact his probation officer within three days of his release from incarceration, did not provide details of where he was living, and did not report a change of address while on probation.[2] In an addendum, Williams's probation officer reported that Williams was arrested on April 24, 2022, for possessing a firearm after being convicted of a violent felony. On April 29, 2022, the court issued a capias, and Williams was arrested on May 6, 2022.

On September 8, 2022, Williams signed a written plea agreement providing that he would plead guilty to an amended charge of possessing a firearm after being convicted of a felony and stipulate that he had violated his probation. In exchange, the Commonwealth would recommend imposing 5 years' incarceration with "all but 1 year and 7 months" suspended on the firearm charge and 12 months in jail on the probation violation. In the written agreement, Williams acknowledged that he understood the nature of the charges and the consequences of pleading guilty, including that his guilty plea was an admission that he "committed the offense alleged in the amended indictment." There was no agreement regarding whether the sentences would run concurrently.

---

[2] The record does not disclose when this conduct occurred.

The circuit court conducted a consolidated hearing to address Williams's firearm charge and the probation violation. Consistent with the written agreement, Williams pled guilty to an amended charge of possessing a firearm after being convicted of a felony and stipulated that he had violated his probation as reported. During the plea colloquy, Williams acknowledged that he was pleading guilty "freely and voluntarily" "because [he] was in fact guilty" of possessing a firearm after being convicted of a felony.

The Commonwealth proffered that on April 24, 2022, police officers noticed a man sitting in a parked car and a group of men standing nearby. When the officers approached, the man exited the car and fled with the other men. After noticing a digital scale and over an ounce of marijuana in plain view in the car, police impounded the vehicle and searched it. A firearm was in the closed center console near Williams's personal documents. Another firearm was in a locked safe in the trunk; the safe contained Williams's personal documents and his fingerprint. Additionally, police seized Williams's cell phone, which contained text messages to his mother discussing "getting their car from impound" and describing how the police had "jump[ed] out on him." During the colloquy, Williams counter-proffered that there were additional fingerprints found on the safe in the trunk that were not his.

Based on those proffers, the circuit court found that there was an adequate "factual basis to support" Williams's firearm conviction. Williams acknowledged that he understood that finding and did not object to it. At allocution, Williams said that there was "a misunderstanding" and he hoped that the court would "run the sentence concurrent." The court sentenced Williams to 5 years' incarceration with "all but 1 year and 7 months" suspended, to run "consecutive to any other sentences imposed."

Regarding the probation violation, the parties agreed to proceed under Code § 19.2-306.1 and the Commonwealth argued that although the circuit court could impose the balance of

- 3 -

Williams's previously suspended sentence based on the firearm conviction, the Commonwealth recommended imposing only 12 months in jail. Arguing for leniency, Williams proffered that several of his family members had died from COVID-19 while he was on probation, which had been "traumatic." Additionally, his sentence for the firearm conviction was "a major punishment" and sufficient to deter recidivism. The circuit court found that Williams was young and had the capacity for reform but had squandered the opportunity to do so by continuing to engage in "dangerous" conduct while on probation. Accordingly, the court imposed a 12-month active sentence on the probation violation, to run "consecutive to any other sentence." Williams appeals.

ANALYSIS

I. Firearm Conviction

Williams contends that the circuit court erred in convicting him of possessing a firearm after being convicted of a felony because the "factual proffer by the Commonwealth did not support [his] guilty plea." Williams claims that he asserted his "actual innocence' during the plea colloquy by expressing that there was a "misunderstanding" and, therefore, under *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), the circuit court was required to find that a sufficient factual basis supported the conviction before accepting his guilty plea. Williams argues that the proffered evidence was insufficient because it failed to exclude his reasonable hypothesis of innocence that a third party placed the firearms in his vehicle without his knowledge.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Accordingly, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (quoting *Ohree v. Commonwealth*,

26 Va. App. 299, 308 (1998)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "A general argument or an abstract reference to the law is not sufficient to preserve an issue." *Banks v. Commonwealth*, 67 Va. App. 273, 285 (2017) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc)). Indeed, appellate courts "will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue." *Edwards*, 41 Va. App. at 761 (citing *Floyd v. Commonwealth*, 219 Va. 575, 584 (1978)).

Contrary to his assertion on brief, Williams repeatedly acknowledged that he pled guilty because was "in fact guilty." Indeed, the record demonstrates that when the circuit court found that the Commonwealth's proffer supported his conviction, Williams did not object or otherwise argue that he had, in fact, entered an *Alford* plea. Thus, Williams did not preserve his argument that he entered an *Alford* plea and his conviction was unsupported by an adequate factual basis. *Farnsworth*, 43 Va. App. at 500 (quoting *Ohree*, 26 Va. App. at 308). Williams does not invoke Rule 5A:18's good cause or ends of justice exceptions, and this Court will not do so sua sponte. *Edwards*, 41 Va. App. at 760.

## II. Revocation

Williams argues that the circuit court abused its sentencing discretion at the revocation hearing by failing to consider his "rehabilitation potential" and arbitrarily refusing to run his sentences for the firearm conviction and the probation violation concurrently. We disagree.

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "'[T]he trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion."'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

As relevant here, Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The record demonstrates that Williams incurred a new criminal conviction during the suspension period. Thus, it was within the circuit court's discretion to "impose or resuspend any or all" of the previously suspended sentence. *Id.* It was equally within the circuit court's purview to weigh any mitigating factors Williams presented, including his youth and capacity for reform. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). But the circuit court was not obligated to explain the specific weight it afforded to each piece of evidence, as Williams suggests. Indeed, "[a]bsent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)).

Additionally, whether to run a defendant's sentences concurrently or consecutively falls within the trial court's discretion. *See* Code § 19.2-308 (providing that when any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court); *Brown v. Commonwealth*, 284 Va. 538, 542

(2012). The record demonstrates that while on probation for attempted malicious wounding by mob, Williams incurred another criminal conviction for unlawfully possessing a firearm. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Williams's conduct supports the circuit court's finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Williams disregarded the "grace" that had been extended to him by continuing to commit violent crime.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record in this case, we conclude that the sentence the circuit court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Brittle v. Commonwealth*, 54 Va. App. 505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny). Moreover, the circuit court's refusal to run Williams's sentences consecutively was not arbitrary and is supported by the record.

CONCLUSION

For the above reasons, we affirm the circuit court's judgment.

*Affirmed*.