# COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Causey and Senior Judge Haley

WILBER ALBERTO ROSA AVALOS

v.      Record No. 1673-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 15, 2023

FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
M. Duncan Minton, Jr., Judge[1]

(Paul C. Galanides, on brief), for appellant.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.

Wilber Alberto Rosa Avalos appeals his convictions, following a bench trial, for two counts

of aggravated sexual battery, in violation of Code § 18.2-67.3.  Rosa Avalos asserts that the trial

court abused its discretion when it excluded testimony from Yanila Lizama as hearsay.  After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

Wilber Alberto Rosa Avalos failed to preserve his assignment of error in accordance with Rule

5A:18.  As a result, we cannot reach the merits of his assignment of error.  Consequently, we

affirm the convictions.

---

\* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Judge Lynn S. Brice presided at trial.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

In the spring of 2018, when A.R. was in second grade, she moved in with her father, David, and her stepmother, Jacqueline. The family rented the lower portion of the home from Jacqueline's mother while another family lived in the upper portion of the home. Rosa Avalos rented a room in the upper portion of the same home. Rosa Avalos would often visit the family in their living quarters while he lived in the same home and after he moved out in May 2018.

In June 2021, A.R. reported to her father and stepmother that Rosa Avalos had made her touch his private parts on two separate occasions in 2018. On June 30, 2021, forensic interviewer Lisa Johnston interviewed A.R.[2] Johnston noted that children frequently delay reporting abuse because the child does not want to disrupt family relationships.

A.R. testified that the first instance occurred when the family was about to leave to "go out." She had finished getting ready and was waiting for her parents and little sister on the big couch in the living room. Rosa Avalos sat on the little couch. A.R. noted that her parents' bedroom was down the hall from the living room and was not visible from where she sat. While they were waiting, Rosa Avalos gestured A.R. over with his hand. A.R. obliged. When she reached

---

[2] The interview was shown to the court. The interview was not included in the joint appendix.

Rosa Avalos, he forced her to sit on his lap and made her touch the clothing covering his private parts. A.R. testified that she felt uncomfortable and was unsure of how long she sat on Rosa Avalos's lap. A.R. noted that the activity ceased when Rosa Avalos heard the lock to her parents' room open. Rosa Avalos instructed A.R. to go back to the big couch and not to tell anyone.

The second incident occurred at night while A.R. was watching a movie with her father and Rosa Avalos. A.R.'s stepmother had gone to bed, and A.R. sat on the floor while her father sat on the large couch and Rosa Avalos sat on the small couch. When her father left the room to use the bathroom, Rosa Avalos beckoned A.R. over with the same hand gesture. A.R. acquiesced. This time Rosa Avalos grabbed A.R.'s wrist and made her hand move up and down around his clothed private parts while she sat on his lap. The activity ended when Rosa Avalos heard the toilet flush and the sink activate. Rosa Avalos directed A.R. to return to her place on the floor and not to tell anyone. A.R. noted that the bathroom was down the hall and not within view of the living room. On a picture of male anatomy A.R. was asked to circle where Rosa Avalos directed her hand during each incident. A.R. indicated the male genitalia.

At the conclusion of the Commonwealth's case, Rosa Avalos called Fatima Rios, A.R.'s biological mother. Rios confirmed that A.R. went to live with David on April 2, 2018. Next, Rosa Avalos called his mother and A.R.'s paternal grandmother, Yanila Lizama, to testify.

Lizama testified that in January 2018 she flew from El Salvador to visit her sons and stayed until July 2018. She acknowledged that David always wanted to obtain a green card to remain in the United States but was unable to acquire one. She noted that David never wanted Rosa Avalos to acquire a green card. Rosa Avalos's trial counsel then asked if "David [had] ma[d]e any indications to [her] about a way that he could get [the green] papers." Lizama responded as follows:

A. David, my son, was [A.R.]'s father.

Q. Yes.

A. How he could get papers for what?

Q. To obtain his green card.

A. David's green card?

The Commonwealth then objected to the testimony on both relevancy and hearsay grounds. Rosa Avalos's counsel argued that the testimony was relevant to support the defense's theory that A.R. fabricated the instances so that David could gain legal status as a crime victim's father. The trial court noted that "[o]n that basis alone that's hearsay." Trial counsel assented to the trial court's characterization and withdrew from direct examination.

Rosa Avalos testified in his own defense. Rosa Avalos stated that he rented a room in the Colonial Heights home from February 2018 to May 2018. He denied inappropriately touching A.R. and claimed that he was never alone with her. He further asserted that the story was made up so that A.R.'s parents could benefit from her victimization.

At the close of all the evidence, the trial court convicted Rosa Avalos of the charges and sentenced him to 40 years of incarceration, with 35 years suspended. Rosa Avalos appeals.

ANALYSIS

Rosa Avalos asserts that Lizama's testimony was relevant because it bolstered the claim that David was using A.R.'s allegations of sexual battery to remain in the United States as a crime victim's father. He further contends that Lizama's testimony was not hearsay because it was not offered for the truth of the matter asserted. Rather, he argues, the testimony was offered to show that David knew he could use a fabricated allegation to circumvent his inability to obtain legal papers to remain in the United States. Rosa Avalos argues that the trial court's exclusion of Lizama's testimony was a harmful error because it precluded him from exploring the issue of motive to fabricate.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Accordingly, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (alteration in original) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019); *Brown v. Commonwealth*, 279 Va. 210, 217 (2010). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." *Bethea*, 297 Va. at 743 (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Here, Rosa Avalos raises his argument that Lizama's testimony was not hearsay for the first time on appeal. At trial, Rosa Avalos asked Lizama if "David [had] ma[d]e any indications to [her] about a way that he could get [green] papers." The Commonwealth objected to Lizama's testimony on irrelevancy and hearsay grounds. In responding to the Commonwealth's objection, Rosa Avalos only addressed the relevancy of the testimony and did not argue that the testimony was not hearsay. In fact, when the trial court characterized the testimony as hearsay, Rosa Avalos's counsel acquiesced to the trial court's characterization of the testimony and withdrew from further questioning Lizama. "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, [Rosa Avalos] does not argue these exceptions and we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010). Accordingly, because Rosa Avalos failed to preserve his argument that Lizama's testimony was not hearsay, we do not address it.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*